JAMES S. KNOPF (CSBN 178934)
LAW OFFICES OF JAMES S. KNOPF
1840 Gateway Drive, Suite 200
San Mateo, CA 94404
Tel: 650-627-9500
Fax: 888-808-5001
Email: jsk@knopflaw.com

Along with other Plaintiff's Counsel

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sharon D. Yasin, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff<br><br>v.<br><br>Equifax Information Services, LLC,<br><br>Defendant. | Case No.:08-cv-1234 EMC<br><br>Judge: Hon. Eric M. Chen<br><br>Magistrate Judge:<br><br>**First Amended Class Action Complaint for Violations of the FCRA - 15 U.S.C. §1681 et seq**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Sharon D. Yasin, ("Plaintiff"), individually and on behalf of all similarly situated individuals, alleges the following:

**JURISDICTION**

1. This action is brought by Plaintiff as a class action on behalf of herself and the class of consumers defined herein against the named defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, as amended ("FCRA").

2. Federal question jurisdiction properly exists over this action pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331 and 1337.

3. Defendant Equifax Information Services, LLC ("Equifax" or "Defendant") is a business entity that regularly conducts business throughout every state and county of the United States

and, as a corporation that conducts business in the State of California, is a citizen of the State of California. Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Equifax is regularly engaged in the business practice of assembling, evaluating, and disbursing information concerning consumers for the purpose of preparing and furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(f).

**VENUE**

4. Venue in the United States District Court for the Northern District of California is proper under 28 U.S.C. §1391(b) and based upon the following:

    a. Defendant transacts business in this District.

    b. The violations of the FCRA, alleged below, occurred and/or were committed in San Francisco County, State of California, within the Northern District of California (and throughout the United States);

    c. At all times material hereto, the Defendant was and continues to be a corporation engaged in business activities in San Francisco County, California, and as such is a citizen of the State of California.

5. The lead plaintiff is an individual residing in San Francisco County, California, and is a "consumer" as that term is defined by 15 U.S.C. §1681 *et seq.*, as amended, including 15 U.S.C. § 1681a(c).

**FACTS COMMON TO ALL COUNTS**

6. Plaintiff is a natural person domiciled in, and a citizen of, California. Plaintiff is a member of the class and subclasses defined herein. Defendant is a consumer reporting agency which has compiled and disclosed certain information about the Plaintiff and the class on their respective consumer reports.

7. On or about February 14, 2007, Defendant Equifax provided Plaintiff with a "credit report" (Confirmation number 7545158627), alternatively referred to as a "consumer disclosure", "file disclosure", or "consumer report".

8. Defendant Equifax has repeatedly disclosed on consumer reports to the Plaintiff, an alleged account with Cardholder Management Services. Equifax has disclosed that this account has been "paid and closed" in the "activity description" field of the consumer disclosure. However, in the "current status" field of the credit report, Equifax has erroneously reported that the account is still a "charge-off", thus giving the false impression to each and every person viewing the report that the account has not actually been paid, but is still a charge off.

9. Upon information and belief, Equifax continually reports inaccurate and unclear information in such a manner on consumer disclosures. Equifax does know how to report such information accurately and clearly. Any past due information, such as the fact that an account was allegedly "charged off", should be included in the "account history" section of the consumer report, per their admission.

10. Equifax even additionally admits in the consumer disclosure generally, on page 2 of the report, that the "activity description" field notates "the most recent account activity". Thus, on the Plaintiff's report, since this account was "paid" according to the "activity description", it is now impossible for it to currently be a charge off. An account is charged off before it is paid. Once it is paid, it logically has a new status. The unclear disclosure makes it difficult to determine the true and accurate status of the account. Upon information and belief, multiple consumers and furnishers have advised Defendant that Defendant's mode of reporting this information is unclear and/or inaccurate.

11. This account information is compiled from the furnishers and then disclosed in the consumer report through the E-OSCAR system. Equifax has the knowledge and information to determine that the account was paid and closed, and thus Equifax clearly is not following reasonable procedures to assure maximum possible accuracy.

12. The manner in which Equifax reports this information is both unclear and inaccurate. Other credit reporting agencies will report similar accounts as "Paid after charge off or collection" which gives an accurate description of the account. This shows that the account *was* a

3
FIRST AMENDED COMPLAINT

charged off account in the past. Upon information and belief, Equifax continually reports consumer information on alleged charged off accounts, like it has done here with the Plaintiff. This also shows that the problem with the reporting is one caused not by the furnishers of the information, because the other bureaus can report the information accurately and clearly.

13. Defendant's conduct is deliberate and willful as shown by the large number of consumers for whom it consistently fails to clearly and accurately report the "current status" information. Thus, this is a willful violation of the FCRA, not a negligent one.

14. Plaintiff and the class have been damaged as a direct and proximate cause of all of the Defendant's actions. Plaintiff and class have suffered from credit reports that are unclear and erroneous and make it look like the accounts are still past due and delinquent when they are not.

15. Plaintiff and class have suffered damage to their credit worthiness.

16. Plaintiff and class have been damaged because this misleading information and/or errors have impaired their ability to build their credit worthiness and to obtain credit on more favorable terms.

17. As a direct result of said errors, Defendant has misinformed third parties as to the status of this account. Defendant has reflected credit information which is incorrect, inaccurate, misleading and/or false and has failed to use reasonable procedures to assure maximum possible accuracy of the information it is reporting about a large number of consumers.

**CLASS ACTION ALLEGATIONS**

18. <u>Definition of the Class for Count I</u>. Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the class, defined below (the "Class"):

> All individuals in the United States for whom Defendant reported in the "current status" field that the account is a "charge off" or "collection" when the account was already paid or closed.

19. <u>Definition of the Class for Count II</u>. Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the class, defined below (the "Class"):

> All individuals in the United States who made a file disclosure request and for whom Defendant reported in the "current status" field that the account is a "charge off" or "collection" when the account was already paid or closed.

    B.    <u>Numerosity</u>

20. At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiff believes that Class members are so numerous that joinder of all members is impracticable. The number of Class members can be determined through appropriate discovery.

    C.    <u>Commonality</u>

21. There are questions of law or fact common to the Class, including, *inter alia*, the following:

    (a)    Whether Defendant's conduct alleged herein violates the FCRA;

    (b)    Whether Defendant's failure to use reasonable procedures to assure maximum possible accuracy of the consumer disclosure violates the FCRA; and

    (c)    Whether Defendant's failure to clearly and accurately disclose all information in the consumers' files violates the FCRA; and

    (d)    Whether Plaintiff and the Class have been damaged and the appropriate measure of such damages.

    D.    <u>Typicality</u>

22. Plaintiff has the same interests in this matter as all other members of the Class, and her claims are typical of all members of the Class.

    E.    <u>Adequacy</u>

23. Plaintiff is committed to pursuing this class action and has retained competent counsel experienced in the prosecution and successful resolution of consumer class actions. Plaintiff

will fairly and adequately represent the interests of Class members and does not have interests adverse to the Class.

### F. The Prerequisites of Rule 23(b)(2) are Satisfied.

24. The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) exist, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

25. The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for Defendant. For example, one court might decide that the challenged actions are illegal and enjoin them, while another court might decide that those same actions are not illegal. Individual actions may, as a practical matter, be dispositive of the interest of the Class, who would not be parties to those actions.

26. Defendant's actions are generally applicable to the Class as a whole, and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole.

27. Defendant's systemic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

### G. The Prerequisites of Rule 23(b)(3) are Satisfied.

28. This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual Class member. This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class defined above.

**COUNT ONE—REASONABLE PROCEDURES**

**Violations of the FCRA - 15 U.S.C. §1681 *et seq.* by Defendant Equifax**

29. Plaintiff re-alleges and incorporates paragraphs 1 through 18 and 20 through 28 above as if fully stated herein.

30. At all times pertinent hereto, Defendant was a "credit reporting agency," as that term is used in the FCRA.

31. The Defendant willfully violated 15 U.S.C. §1681e(b), throughout the entire course of its actions, by willfully failing to follow reasonable procedures in the preparation of the consumer report, concerning the Plaintiff and the class, to assure maximum possible accuracy of the information in the report described in above paragraphs 7 through 11, in violation of 15 U.S.C. §1681e(b).

32. The conduct, action and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

33. The Plaintiff and Class are entitled to recover statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to §1681n and 1681o.

**COUNT TWO—FILE DISCLOSURE**

**Violations of the FCRA - 15 U.S.C. §1681 *et seq.* by Defendant Equifax**

34. Plaintiff re-alleges and incorporates paragraphs 1 through 17 and 19 through 28 above as if fully stated herein.

35. At all times pertinent hereto, Defendant was a "credit reporting agency," as that term is used in the FCRA.

36. The Defendant willfully violated 15 U.S.C. §1681g(a), throughout the entire course of its actions, by willfully failing, upon request, to disclose clearly and accurately the "current status" of the Plaintiff's and the class's consumer report, in violation of U.S.C. §1681g(a).

37. The conduct, action and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

38. The Plaintiff and Class are entitled to recover statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to §1681n and 1681o.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for an Order and judgment against Defendant as follows:

    A.    Entering judgment in favor of Plaintiff and the Class against Defendant;

    B.    Awarding Plaintiff and the Class their statutory damages, together with their costs and attorneys' fees;

    C.    Awarding Plaintiff and the Class punitive damages as allowed by law;

    D.    Certifying this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) with respect to the Class defined herein;

    E.    Designating Plaintiff the representative of the Class and her counsel Class counsel; and

    F.    Awarding such further and other relief as the Court deems just.

/     /

Intenionally left blank

                                                 /     /

**JURY TRIAL DEMAND**

Plaintiff and the Class are entitled to and hereby demand a trial by jury as stated in the U.S. Constitution, Amendment 7 and F.R.C.P. 38.

Dated this 30th day of April, 2008.

                                        Respectfully Submitted by,

**LAW OFFICES OF JAMES S. KNOPF**

By: __/s/ James S. Knopf_____

James S. Knopf (CSBN 178934)
1840 Gateway Drive, Suite 200
San Mateo, California 94404
Telephone 650-627-9500
jsk@knopflaw.com

**LEHRMAN & LEHRMAN, P.A.**
Seth Lehrman (CSBN 178303)
1801 North Pine Island Rd., Suite 103
Plantation, Florida 33322
Telephone 954-472-9990
seth@LehrmanLaw.com

**STEVEN F. GROVER, P.A.**
Steven F. Grover
1 East Broward Blvd., Suite 700
Fort Lauderdale, Florida 33301
954-356-0005
lawhelp@earthlink.net
(Seeking Pro Hac Vice Admission pursuant to Local Rule 83-2.4)

Attorneys for Plaintiff and Proposed Class

FIRST AMENDED COMPLAINT

## PROOF OF SERVICE BY MAIL

I, the undersigned, declare:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1840 Gateway Drive, Suite 200, San Mateo, California 94404.

On April 30, 2008, I served the following:

**First Amended Class Action Complaint for
Violations of the FCRA - 15 U.S.C. §1681 et seq**

on the parties shown below by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at San Mateo, California.

    John Anthony Love, Esq.
    Stephanie Cope, Esq.
    King & Spalding LLP
    1180 Peachtree Street, N.E.
    Atlanta, GA 30309

And, on this date, I electronically filed the above-referenced document with the Clerk of the Court using the CM/ECF system, which sends electronic notification of such filing to all other parties appearing on the docket sheet as follows:

    Thomas P. Quinn, Jr., Esq.
    Nokes & Quinn
    450 Ocean Avenue
    Laguna Beach, CA 92651

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 30, 2008 at San Mateo, California.

By: ___/s/ JAMES S. KNOPF
        JAMES KNOPF