1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THOMAS P. QUINN, JR.  (SBN: 132268)
NOKES & QUINN
450 OCEAN AVENUE
LAGUNA BEACH, CA 92651
Tel: (949) 376-3055
Fax:  (949) 376-3070
Email: tquinn@nokesquinn.com

JOHN ANTHONY LOVE [Pro Hac Vice]
Georgia Bar No: 459155
KING & SPALDING
1180 PEACHTREE STREET, N.E.
ATLANTA, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
Email: TLove@KSLAW.com

Attorneys for Defendant EQUIFAX
INFORMATION SERVICES LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON D. YASIN, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC.,<br><br>Defendant. | Case No:   08-CV-01234 EMC<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY; DECLARATION OF J. ANTHONY LOVE**<br><br>**Date:  June 11, 2008**<br>**Time:  10:30 a.m.**<br>**Place:  Courtroom C, 15th floor**<br>**Hon.    Edward M. Chen** |

-1-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Defendant Equifax Information Services, LLC ("Equifax"), a Georgia Limited Liability Corporation, submits the following Memorandum of Law in Support of its Motion to Stay.  As grounds for this motion, Equifax states that plaintiff's counsel in this case filed a virtually identical complaint against Equifax in the Central District of California  - *Villaflor v. Equifax Information Services, LLC* -  after they filed this one.  The *Villaflor* case involves the exact same defendant, the exact same plaintiff's and defense counsel and, most importantly, nearly identical allegations.  In fact, the Amended Complaints in the two cases are virtually identical with respect to the material allegations.  Equifax has simultaneously filed a Motion to Transfer the *Villaflor* case in the interests of justice and judicial efficiency.  It is Equifax's intent to seek consolidation of *Villaflor* with this case after *Villaflor* is transferred to the Northern District.  These interests will be best served if this Court stays this case pending the outcome of the Motion to  Transfer.  Thus, Equifax requests that the Court grant this motion so that *Villaflor* can be transferred and the two cases can ultimately be consolidated.

### II. PROCEDURAL HISTORY AND FACTS

This purported class action filed by Plaintiff Sharon Yasin ("Yasin" or "Plaintiff") against Equifax is virtually identical to a the *Villaflor v. Equifax* case pending in the Central District of California.  The Complaint in *Villaflor* was filed on March 3, 2008 and the Complaint in this case was filed on February 29, 2008.  A copy of the Amended Complaint in this case is attached hereto as Exhibit A and a copy of the Amended Complaint filed in the *Villaflor* case is attached hereto as Exhibit B.

*Villaflor* was filed after this action, the parties in the two cases are substantially the same, and the issues are identical.  Accordingly, in order to promote judicial efficiency and avoid the risk of inconsistent results, Equifax respectfully requests that the Court stay this case pending resolution of *Villaflor*.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

DEFENDANT EQUIFAX'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO STAY
CASE NO.: 08-CV-01234 EMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III. ARGUMENT**

It is within the Court's discretion to stay this case pending further proceedings in *Villaflor*.  *See*, *Lockyer v. Mirant Corp.* 398 F.3d 1098 (9th Cir. 1991)("A trial court may, with propriety, find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). The purpose of a stay of the proceedings is to promote judicial efficiency and to avoid duplicitous litigation that would waste the Court's time.  Such stays are often employed "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.'" *Yong v. I.N.S.* 208 F.3d 1116, (9th Cir. 2000) .

**A. This Case Should be Stayed in the Interests of Judicial Economy and to Avoid Inconsistent Results.**

"Considerations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously."  *Wash. Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980).  This principle applies to the present case and *Villaflor*.  The two cases have the same attorneys, the same defendants and, most importantly, the same legal issues surrounding Equifax's use of the "current status" field on consumer disclosures and credit reports.  Simply placing the Amended Complaints in the two cases side-by-side shows that they are virtually identical.  (*See, Yasin*, Amended Complaint; *Villaflor*, Amended Complaint).  Equifax has filed a motion to transfer in *Villaflor* that asks the *Villaflor* Court to transfer that case to the Northern District .  (A copy of the *Villaflor* Motion to Transfer is attached hereto as Exhibit C).  Equifax has also filed a Motion to Dismiss in *Villaflor* that is virtually identical to the one that it has filed in this case.  (A copy of the *Villaflor* Motion to Dismiss is attached hereto as Exhibit D).  Thus, the two cases involve the same issues and the same motions to dismiss.  Since this case was filed first, *Villaflor* should be transferred to the Northern District and, Equifax believes, eventually consolidated with this case.

Entering a stay in this case until the Motion to Transfer is decided in Villaflor would promote judicial economy and avoid the chance of inconsistent ruling on the pending motions to

-3-

DEFENDANT EQUIFAX'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO STAY
CASE NO.: 08-CV-01234 EMC

1  dismiss - injunctive relief as well as future rulings on issues in these two cases that involve the

2  same issue.

3         **B.  Villaflor and Yasin Will Not be Prejudiced by a Stay.**

4         Neither Villaflor nor Yasin will be prejudiced by a stay in this matter pending a ruling on

5  the motion to transfer in *Villaflor*.  These cases are each relatively new and no discovery or other

6  proceedings have taken place in either one.  The hearing on the motion to transfer in *Villaflor* has

7  been set for June 15, 2008 and, therefore, the matter should be resolved on or soon after that date.

8  Staying this case for a short time period to permit the *Villaflor* court to rule will not prejudice

9  these plaintiffs and, to the contrary, will actually work to their benefit if *Villaflor* is transferred

10 and consolidated with this case because it will promote judicial economy and will avoid

11 unnecessary expense, duplication and the risk of inconsistent results.

12        **IV.  CONCLUSION**

13        For the reasons set forth above, Equifax respectfully requests that this Court stay this case

14 pending further proceedings in *Villaflor*.

15        Equifax's counsel has conferred with Plaintiff's counsel and Plaintiff does not consent to

16 a stay of this action.  *See* Declaration of J. Anthony Love attached hereto as Exhibit E.

17        Dated this 12th day of May, 2008.

18                                        NOKES & QUINN

19

20                                        /S/ THOMAS P. QUINN, JR.
                                         THOMAS P. QUINN, JR.
21                                        Attorney for Defendant EQUIFAX
                                         INFORMATION SERVICES LLC
22

23

24

25

26

27

28

DEFENDANT EQUIFAX'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO STAY
CASE NO.: 08-CV-01234 EMC

1

**CERTIFICATE OF SERVICE**

2

YASIN v DEFENDANT EQUIFAX, et al, CASE NO: CV 08 1234 EMC

3

4

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Fulton, State of Georgia, and not a party to the above-entitled cause.

5

6

On May 12, 2008. I served a true copy of the

7

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY**

8

9

[ X ]     By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

10

11

Seth Lehrman
Lehrman& Lehrman, PA
1801 North Pine Island Rd., Suite 103
Plantation, Florida 33322

12

13

14

Steven F. Grover, P.A.
Steven F. Grover
1 East Broward Blvd., Suite 700
Fort Lauderdale, Florida 33301

15

16

17

[X]     By ECF: On this date, I electronically filed the above-referenced document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet as follows:

18

19

James S. Knopf
Law Offices of James S. Knopf
1840 Gateway Drive, Suite 200
San Mateo, California 94404

20

21

22

I hereby certify that I am employed in the ofiice of a member of the Bar of this Court at whose direction the service was made.

23

24

I hereby certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

25

26

Executed this 12th day of May, 2008, at Laguna Beach, California.

27

28

/S/ YVONNE M. HOMAN
YVONNE M. HOMAN

-5-

DEFENDANT EQUIFAX'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO STAY
CASE NO.: 08-CV-01234 EMC

JAMES S. KNOPF (CSBN 178934)
LAW OFFICES OF JAMES S. KNOPF
1840 Gateway Drive, Suite 200
San Mateo, CA 94404
Tel: 650-627-9500
Fax: 888-808-5001
Email: jsk@knopflaw.com

Along with other Plaintiff's Counsel

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sharon D. Yasin, individually and on behalf of all similarly situated individuals, <br><br> Plaintiff <br><br> v. <br><br> Equifax Information Services, LLC, <br><br> Defendant. | Case No.:08-cv-1234 EMC <br><br> Judge: Hon. Eric M. Chen <br><br> Magistrate Judge: <br><br> **First Amended Class Action Complaint for Violations of the FCRA - 15 U.S.C. §1681 et seq** <br><br> <u>**JURY TRIAL DEMANDED**</u> |

### <u>FIRST AMENDED CLASS ACTION COMPLAINT</u>

Plaintiff Sharon D. Yasin, ("Plaintiff"), individually and on behalf of all similarly situated individuals, alleges the following:

### JURISDICTION

1. This action is brought by Plaintiff as a class action on behalf of herself and the class of consumers defined herein against the named defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, as amended ("FCRA").

2. Federal question jurisdiction properly exists over this action pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331 and 1337.

3. Defendant Equifax Information Services, LLC ("Equifax" or "Defendant") is a business entity that regularly conducts business throughout every state and county of the United States

1

1   and, as a corporation that conducts business in the State of California, is a citizen of the State

2   of California.  Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).

3   Equifax is regularly engaged in the business practice of assembling, evaluating, and

4   disbursing information concerning consumers for the purpose of preparing and furnishing

5   consumer reports to third parties, as defined in 15 U.S.C. §1681(f).

6   **VENUE**

7   4.  Venue in the United States District Court for the Northern District of California is proper

8   under 28 U.S.C. §1391(b) and based upon the following:

9   a.  Defendant transacts business in this District.

10   b.  The violations of the FCRA, alleged below, occurred and/or were committed in San

11   Francisco County, State of California, within the Northern District of California (and

12   throughout the United States);

13   c.  At all times material hereto, the Defendant was and continues to be a corporation

14   engaged in business activities in San Francisco County, California, and as such is a

15   citizen of the State of California.

16   5.  The lead plaintiff is an individual residing in San Francisco County, California, and is a

17   "consumer" as that term is defined by 15 U.S.C. §1681 *et seq.*, as amended, including 15

18   U.S.C. § 1681a(c).

19   **FACTS COMMON TO ALL COUNTS**

20   6.  Plaintiff is a natural person domiciled in, and a citizen of, California.  Plaintiff is a member

21   of the class and subclasses defined herein. Defendant is a consumer reporting agency which

22   has compiled and disclosed certain information about the Plaintiff and the class on their

23   respective consumer reports.

24   7.  On or about February 14, 2007, Defendant Equifax provided Plaintiff with a "credit report"

25   (Confirmation number 7545158627), alternatively referred to as a "consumer disclosure",

26   "file disclosure", or "consumer report".

27

28

2

8. Defendant Equifax has repeatedly disclosed on consumer reports to the Plaintiff, an alleged account with Cardholder Management Services. Equifax has disclosed that this account has been "paid and closed" in the "activity description" field of the consumer disclosure. However, in the "current status" field of the credit report, Equifax has erroneously reported that the account is still a "charge-off", thus giving the false impression to each and every person viewing the report that the account has not actually been paid, but is still a charge off.

9. Upon information and belief, Equifax continually reports inaccurate and unclear information in such a manner on consumer disclosures. Equifax does know how to report such information accurately and clearly. Any past due information, such as the fact that an account was allegedly "charged off", should be included in the "account history" section of the consumer report, per their admission.

10. Equifax even additionally admits in the consumer disclosure generally, on page 2 of the report, that the "activity description" field notates "the most recent account activity". Thus, on the Plaintiff's report, since this account was "paid" according to the "activity description", it is now impossible for it to currently be a charge off. An account is charged off before it is paid. Once it is paid, it logically has a new status. The unclear disclosure makes it difficult to determine the true and accurate status of the account. Upon information and belief, multiple consumers and furnishers have advised Defendant that Defendant's mode of reporting this information is unclear and/or inaccurate.

11. This account information is compiled from the furnishers and then disclosed in the consumer report through the E-OSCAR system. Equifax has the knowledge and information to determine that the account was paid and closed, and thus Equifax clearly is not following reasonable procedures to assure maximum possible accuracy.

12. The manner in which Equifax reports this information is both unclear and inaccurate. Other credit reporting agencies will report similar accounts as "Paid after charge off or collection" which gives an accurate description of the account. This shows that the account *was* a

FIRST AMENDED COMPLAINT

charged off account in the past.  Upon information and belief, Equifax continually reports consumer information on alleged charged off accounts, like it has done here with the Plaintiff.  This also shows that the problem with the reporting is one caused not by the furnishers of the information, because the other bureaus can report the information accurately and clearly.

13. Defendant's conduct is deliberate and willful as shown by the large number of consumers for whom it consistently fails to clearly and accurately report the "current status" information. Thus, this is a willful violation of the FCRA, not a negligent one.

14. Plaintiff and the class have been damaged as a direct and proximate cause of all of the Defendant's actions.  Plaintiff and class have suffered from credit reports that are unclear and erroneous and make it look like the accounts are still past due and delinquent when they are not.

15. Plaintiff and class have suffered damage to their credit worthiness.

16. Plaintiff and class have been damaged because this misleading information and/or errors have impaired their ability to build their credit worthiness and to obtain credit on more favorable terms.

17. As a direct result of said errors, Defendant has misinformed third parties as to the status of this account. Defendant has reflected credit information which is incorrect, inaccurate, misleading and/or false and has failed to use reasonable procedures to assure maximum possible accuracy of the information it is reporting about a large number of consumers.

## CLASS ACTION ALLEGATIONS

18. <u>Definition of the Class for Count I</u>.  Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23.  The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the class,  defined below (the "Class"):

> All individuals in the United States for whom Defendant reported in the "current status" field that the account is a "charge off" or "collection" when the account was already paid or closed.

4

19. <u>Definition of the Class for Count II</u>.  Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23.  The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the class, defined below (the "Class"):

> All individuals in the United States who made a file disclosure request and for whom Defendant reported in the "current status" field that the account is a "charge off" or "collection" when the account was already paid or closed.

B.     <u>Numerosity</u>

20. At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiff believes that Class members are so numerous that joinder of all members is impracticable.  The number of Class members can be determined through appropriate discovery.

C.     <u>Commonality</u>

21. There are questions of law or fact common to the Class, including, *inter alia*, the following:

(a)     Whether Defendant's conduct alleged herein violates the FCRA;

(b)     Whether Defendant's failure to use reasonable procedures to assure maximum possible accuracy of the consumer disclosure violates the FCRA; and

(c)     Whether Defendant's failure to clearly and accurately disclose all information in the consumers' files violates the FCRA; and

(d)     Whether Plaintiff and the Class have been damaged and the appropriate measure of such damages.

D.     <u>Typicality</u>

22. Plaintiff has the same interests in this matter as all other members of the Class, and her claims are typical of all members of the Class.

E.     <u>Adequacy</u>

23. Plaintiff is committed to pursuing this class action and has retained competent counsel experienced in the prosecution and successful resolution of consumer class actions.  Plaintiff

5

will fairly and adequately represent the interests of Class members and does not have interests adverse to the Class.

F.       The Prerequisites of Rule 23(b)(2) are Satisfied.

24. The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) exist, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

25. The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for Defendant.  For example, one court might decide that the challenged actions are illegal and enjoin them, while another court might decide that those same actions are not illegal.  Individual actions may, as a practical matter, be dispositive of the interest of the Class, who would not be parties to those actions.

26. Defendant's actions are generally applicable to the Class as a whole, and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole.

27. Defendant's systemic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

G.       The Prerequisites of Rule 23(b)(3) are Satisfied.

28. This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3).  The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy.  The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual Class member.  This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class defined above.

FIRST AMENDED COMPLAINT

**COUNT ONE—REASONABLE PROCEDURES**

**Violations of the FCRA - 15 U.S.C. §1681 *et seq.* by Defendant Equifax**

29. Plaintiff re-alleges and incorporates paragraphs 1 through 18 and 20 through 28 above as if fully stated herein.

30. At all times pertinent hereto, Defendant was a "credit reporting agency," as that term is used in the FCRA.

31. The Defendant willfully violated 15 U.S.C. §1681e(b), throughout the entire course of its actions, by willfully failing to follow reasonable procedures in the preparation of the consumer report, concerning the Plaintiff and the class, to assure maximum possible accuracy of the information in the report described in above paragraphs 7 through 11, in violation of 15 U.S.C. §1681e(b).

32. The conduct, action and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

33. The Plaintiff and Class are entitled to recover statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to §1681n and 1681o.

**COUNT TWO—FILE DISCLOSURE**

**Violations of the FCRA - 15 U.S.C. §1681 *et seq.* by Defendant Equifax**

34. Plaintiff re-alleges and incorporates paragraphs 1 through 17 and 19 through 28 above as if fully stated herein.

35. At all times pertinent hereto, Defendant was a "credit reporting agency," as that term is used in the FCRA.

36. The Defendant willfully violated 15 U.S.C. §1681g(a), throughout the entire course of its actions, by willfully failing, upon request, to disclose clearly and accurately the "current status" of the Plaintiff's and the class's consumer report, in violation of U.S.C. §1681g(a).

7

37. The conduct, action and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

38. The Plaintiff and Class are entitled to recover statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to §1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an Order and judgment against Defendant as follows:

A.    Entering judgment in favor of Plaintiff and the Class against Defendant;

B.    Awarding Plaintiff and the Class their statutory damages, together with their costs and attorneys' fees;

C.    Awarding Plaintiff and the Class punitive damages as allowed by law;

D.    Certifying this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) with respect to the Class defined herein;

E.    Designating Plaintiff the representative of the Class and her counsel Class counsel; and

F.    Awarding such further and other relief as the Court deems just.

/        /

Intenionally left blank

/        /

FIRST AMENDED COMPLAINT

1

### JURY TRIAL DEMAND

2        Plaintiff and the Class are entitled to and hereby demand a trial by jury as stated in the

3   U.S. Constitution, Amendment 7 and F.R.C.P. 38.

4   Dated this 30th day of April, 2008.

5                                           Respectfully Submitted by,

6                                           **LAW OFFICES OF JAMES S. KNOPF**

7

8                                           **By: __/s/ James S. Knopf_____**

9                                           James S. Knopf (CSBN 178934)
                                            1840 Gateway Drive, Suite 200
10                                          San Mateo, California 94404
                                            Telephone 650-627-9500
11                                          jsk@knopflaw.com

12                                          **LEHRMAN & LEHRMAN, P.A.**
                                            Seth Lehrman (CSBN 178303)
13                                          1801 North Pine Island Rd., Suite 103
                                            Plantation, Florida 33322
14                                          Telephone 954-472-9990
                                            seth@LehrmanLaw.com
15

16                                          **STEVEN F. GROVER, P.A.**
                                            Steven F. Grover
17                                          1 East Broward Blvd., Suite 700
                                            Fort Lauderdale, Florida 33301
18                                          954-356-0005
                                            lawhelp@earthlink.net
19                                          (Seeking Pro Hac Vice Admission pursuant to
                                            Local Rule 83-2.4)
20

21                                          Attorneys for Plaintiff and Proposed Class

22

23

24

25

26

27                                          9

28

# PROOF OF SERVICE BY MAIL

I, the undersigned, declare:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court.  I am over the age of 18 and not a party to the within action.  My business address is 1840 Gateway Drive, Suite 200, San Mateo, California  94404.

On April 30, 2008, I served the following:

**First Amended Class Action Complaint for
Violations of the FCRA - 15 U.S.C. §1681 et seq**

on the parties shown below by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at San Mateo, California.

John Anthony Love, Esq.
Stephanie Cope, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309

And, on this date, I electronically filed the above-referenced document with the Clerk of the Court using the CM/ECF system, which sends electronic notification of such filing to all other parties appearing on the docket sheet as follows:

Thomas P. Quinn, Jr., Esq.
Nokes & Quinn
450 Ocean Avenue
Laguna Beach, CA 92651

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 30, 2008 at San Mateo, California.


By:___/s/ JAMES S. KNOPF
            JAMES KNOPF

10

1  JAMES S. KNOPF  (CSBN 178934)
   LAW OFFICES OF JAMES S. KNOPF
2  1840 Gateway Drive, Suite 200
   San Mateo, CA 94404
3  Tel: 650-627-9500
   Fax: 888-808-5001
4  Email: jsk@knopflaw.com

5  Along with other Plaintiff's counsel

6              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
7

8  Obelia D. Villaflor, individually          Case No.:  2:08-cv-01481 FMC (AGR)
   and on behalf of all similarly situated
9  individuals,                               Judge: Hon. Florence-Marie Cooper

10                    Plaintiff,              Magistrate Judge: Hon. Alicia G. Rosenberg

11  v.                                        **First Amended Class Action Complaint for
                                              Violations of the FCRA - 15 U.S.C. §1681
12  Equifax Information Services, LLC,         et seq.**

13                    Defendant.              <u>**JURY TRIAL DEMANDED**</u>

14

15           <u>FIRST AMENDED CLASS ACTION COMPLAINT</u>   BY FAX

16      Plaintiff Obelia D. Villaflor, ("Plaintiff"), individually and on behalf of all similarly

17  situated individuals, alleges the following:

18                              **JURISDICTION**

19  1.  This action is brought by Plaintiff as a class action on behalf of herself and the class of

20      consumers defined herein against the named defendant for violations of the Fair Credit

21      Reporting Act, 15 U.S.C. §1681 *et seq.*, as amended ("FCRA").

22
23  2.  Federal question jurisdiction properly exists over this action under 15 U.S.C. §1681p and
24      28 U.S.C. §§1331 and 1337.

25  3.  Defendant Equifax Information Services, LLC ("Equifax" or "Defendant") is a business

26      entity that regularly conducts business throughout every state and county of the United

27
                                       1
28  ────────────────────────────────────────
                         FIRST AMENDED COMPLAINT

1   States and, as a corporation that conducts business in the State of California, is a citizen

2   of the State of California. Equifax is a "consumer reporting agency", as defined in 15

3   U.S.C. §1681(f). Equifax is regularly engaged in the business practice of assembling,

4   evaluating, and disbursing information concerning consumers for the purpose of

5   preparing and furnishing consumer reports to third parties, as defined in 15 U.S.C.

6   §1681(f).

7                                                                   **VENUE**

8   4.  Venue in the United States District Court for the Central District of California is proper

9       under 28 U.S.C. § 1391(b) and based upon the following:

10          a.  Defendant transacts business in this District.

11          b.  The violations of the FCRA, alleged below, occurred and/or were committed in

12              Los Angeles County, State of California, within the Central District of California

13              (and throughout the United States);

14          c.  At all times material hereto, the Defendant was and continues to be a corporation

15              engaged in business activities in Los Angeles County, California, and as such is a

16              citizen of the State of California.

17  5.  The lead plaintiff is an individual residing in Los Angeles County, California, and is a

18      "consumer" as that term is defined by 15 U.S.C. §1681 *et seq.*, as amended, including 15

19      U.S.C. § 1681a(c).

20                                              **FACTS COMMON TO ALL COUNTS**

21  6.  Plaintiff is a natural person domiciled in, and a citizen of, California. Plaintiff is a

22      member of the classes defined herein. Defendant is a consumer reporting agency which

23      has compiled and disclosed certain information about the Plaintiff and the class on their

24      consumer reports.

25  7.  On or about May 29, June 15, and September 10, 2007, respectively, Defendant Equifax

26      provided Plaintiff with "credit report[s]" (Confirmation numbers 7121061797;

27

28                                                              2

                                                   FIRST AMENDED COMPLAINT

714602809; and 7253045490), alternatively referred to as "consumer disclosure[s]", "file disclosure[s]", or "consumer report[s]".

8. Defendant Equifax has repeatedly disclosed on a consumer disclosure to the Plaintiff, an alleged account with Ameriquest Mortgage Company. Equifax has disclosed that this account has been "paid" in the "activity description" field of the consumer disclosure and that the account has been closed on "06/2004". However, in the "current status" field of the credit report, Equifax has erroneously reported that the account is still "30-59 Days Past Due", thus giving the false impression to each and every person viewing the report that the account is still past due.

9. Upon information and belief, Equifax continually reports inaccurate and unclear information in such a manner on consumer disclosures. Equifax does know how to report such information accurately and clearly. Any past due information such as an alleged late payment history is included in the "account history" section of the consumer report, per their admission.

10. Equifax also admits in the consumer disclosure generally, on page 2 of the report, that the "activity description" field notates "the most recent account activity". Thus, on the Plaintiff's report, since this account was "paid" according to the "activity description", it is now impossible for it to be 30-59 days past due. Upon information and belief, multiple consumers and furnishers have advised Defendant that Defendant's mode of reporting this information is unclear and/or inaccurate.

11. This account information is compiled from the furnishers and then disclosed in the consumer report through the E-OSCAR system. Equifax has the knowledge and information to determine that the account was paid and closed, and thus Equifax clearly is not following reasonable procedures to assure maximum possible accuracy.

12. Defendant's conduct is deliberate and willful as shown by the large number of consumers for whom they consistently fail to clearly and accurately report the "current status" and "status" information. Thus this is a willful violation of the FCRA, not a negligent one.

13. Plaintiff and the class have been damaged as a direct and proximate cause of all of the Defendant's actions. Plaintiff and class have suffered from credit reports that are unclear and erroneous and make it look like the accounts are still past due and delinquent when they are not.

14. Plaintiff and the class have suffered damage to their credit worthiness.

15. Plaintiff and the class have been damaged because this misleading information and/or errors have impaired their ability to build their credit worthiness and to obtain credit on more favorable terms.

16. As a direct result of said errors, Defendant has misinformed third parties as to the status of this account. Defendant has reflected credit information which is incorrect, inaccurate, misleading and/or false, and has failed to use reasonable procedures to assure maximum possible accuracy of the information it is reporting about a large number of consumers.

## CLASS ACTION ALLEGATIONS

17. <u>Definition of the Class for Count I.</u>  Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23.  The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the class, defined below (the "Class"):

> All individuals in the United States for whom Defendant reported alleged late payment information in the "current status" and "status" fields when the account was already paid or closed and/or discharged in bankruptcy.

18. <u>Definition of the Class for Count II.</u>  Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23.  The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the class, defined below (the "Class"):

> All individuals in the United States who made a file disclosure request and for whom Defendant reported alleged late payment information in the "current status" and "status"

4

fields when the account was already paid or closed and/or discharged in bankruptcy.

### Numerosity

19. At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiff believes that Class members are so numerous that joinder of all members is impracticable. The number of class members can be determined through appropriate discovery.

### Commonality

20. There are questions of law or fact common to the Class, including, *inter alia*, the following:

    a. Whether Defendant's conduct alleged herein violates the FCRA;

    b. Whether Defendant's failure to use reasonable procedures to assure maximum possible accuracy of the consumer disclosure violates the FCRA;

    c. Whether Defendant's failure to clearly and accurately disclose all information in the consumers' files violates the FCRA; and

    d. Whether Plaintiff and the Class have been damaged and the appropriate measure of such damages.

### Typicality

21. Plaintiff has the same interests in this matter as all other members of the Class, and her claims are typical of all members of the Class.

### Adequacy

22. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in the prosecution and successful resolution of consumer class actions. Plaintiff will fairly and adequately represent the interests of Class members and does not have interests adverse to the Class.

### The Prerequisites of Rule 23(b)(2) are Satisfied.

5

23. The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) exist as Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

24. The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for Defendant. For example, one court might decide that the challenged actions are illegal and enjoin them, while another court might decide that those same actions are not illegal. Individual actions may, as a practical matter, be dispositive of the interest of the Class, who would not be parties to those actions.

25. Defendant's actions are generally applicable to the Class as a whole, and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole.

26. Defendant's systemic policy and practices make declaratory relief with respect to the Class as a whole appropriate.

The Prerequisites of Rule 23(b)(3) are Satisfied.

27. This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual Class member. This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class defined above.

/ /

/ /

FIRST AMENDED COMPLAINT

## COUNT ONE—REASONABLE PROCEDURES

### Violations of the FCRA - 15 U.S.C. §1681 *et seq.* by Defendant Equifax

28. Plaintiff re-alleges and incorporates paragraphs 1 through 17 and 19 through 27 above as if fully stated herein.

29. At all times pertinent hereto, Defendant was a "credit reporting agency," as that term is used in the FCRA.

30. Defendant willfully violated 15 U.S.C. §1681e(b), throughout the entire course of its actions, by willfully failing to follow reasonable procedures in the preparation of the consumer report concerning the Plaintiff and the Class, to assure maximum possible accuracy of the information in the report described in above paragraphs 7 through 10 (relating to "current status" and "status"), in violation of 15 U.S.C. §1681e(b).

31. The conduct, action and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

32. The Plaintiff and Class are entitled to recover statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to §1681n and 1681o.

## COUNT TWO—FILE DISCLOSURE

### Violations of the FCRA - 15 U.S.C. §1681 *et seq.* by Defendant Equifax

33. Plaintiff re-alleges and incorporates paragraphs 1 through 16 and 18 through 27 above as if fully stated herein.

34. At all times pertinent hereto, Defendant was a "credit reporting agency," as that term is used in the FCRA.

35. The Defendant willfully violated 15 U.S.C. §1681g(a), throughout the entire course of its actions, by willfully failing, upon request, to disclose clearly and accurately the "current

7

1   status" of the Plaintiff's and the class's consumer report, in violation of U.S.C.

2   §1681g(a).

3   36. The conduct, action and inaction of Defendant was willful, rendering it liable for statutory

4   and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.

5   §1681n.

6   37. The Plaintiff and Class are entitled to recover statutory damages, costs and attorney's fees

7   from the Defendant in an amount to be determined by the Court pursuant to §1681n and

8   1681o.

9                   **PRAYER FOR RELIEF**

10   WHEREFORE, Plaintiff prays for an Order and judgment against Defendant as follows:

11        A.     Entering judgment in favor of Plaintiff and the Class against Defendant;

12        B.     Awarding Plaintiff and the Class their statutory damages, together with

13   their costs and attorneys' fees;

14        C.     Awarding Plaintiff and the Class punitive damages as allowed by law;

15        D.     Certifying this action as a class action pursuant to Fed. R. Civ. P. 23(a),

16   (b)(2) and (b)(3) with respect to the Class, including subclasses, defined herein;

17        E.     Designating Plaintiff the representative of the Class and her counsel Class

18   counsel; and

19        F.     Awarding such further and other relief as the Court deems just.

20

21

22   /    /

23   Intentionally left blank

24                   /    /

25

26

27

28

1

**JURY TRIAL DEMAND**

2       Plaintiff and the Class are entitled to and hereby demand a trial by jury as stated in the

3 U.S. Constitution, Amendment 7 and F.R.C.P. 38.

4 Dated this <u>30th</u> day of April, 2008.

5                              Respectfully Submitted by,

6                              **LEHRMAN & LEHRMAN, P.A.**

7

8                              **By:   /s/ Seth Lehrman**

9                              Seth Lehrman  (CSBN 178303)
                             1801 North Pine Island Rd., Suite 103

10                              Plantation, Florida 33322
                             Telephone 954-472-9990

11                              seth@LehrmanLaw.com

12                              **LAW OFFICES OF JAMES S. KNOPF**
                             James S. Knopf (CSBN 178934)

13                              1840 Gateway Drive, Suite 200
                             San Mateo, California  94404

14                              Telephone 650-627-9500
                             jsk@knopflaw.com

15

16                              **STEVEN F. GROVER, P.A.**
                             Steven F. Grover

17                              1 East Broward Blvd., Suite 700
                             Fort Lauderdale, Florida  33301

18                              954-356-0005
                             lawhelp@earthlink.net

19                              (Seeking Pro Hac Vice Admission pursuant to Local
                             Rule 83-2.4)

20

21                              Attorneys for Plaintiff and Proposed Class

22

23

24

25

26

27

28

9

1   **PROOF OF SERVICE BY MAIL**

2       I, the undersigned, say:

3       I am a citizen of the United States and am employed in the office of a member of the Bar
    of this Court. I am over the age of 18 and not a party to the within action. My business address
4   is 1801 North Pine Island Road, Suite 103, Plantation, Florida 33322.

5       On April 30, 2008, I served the following:

6                   **First Amended Class Action Complaint for**
                    **Violations of the FCRA - 15 U.S.C. §1681 et seq**
7
    on the parties shown below by placing a true copy thereof enclosed in a sealed envelope with
8   postage thereon fully prepaid in the United States mail at Plantation, Florida.

9       John Anthony Love, Esq.
        Stephanie Cope, Esq.
10      King & Spalding LLP
        1180 Peachtree Street, N.E.
11      Atlantat, GA  30309

12  And, on this date, I electronically filed the above-referenced document with the Clerk of the
    Court using the CM/ECF system, which sent electronic notification of such filing to all other
13  parties appearing on the docket sheet as follows:

14      Thomas P. Quinn, Jr., Esq.
        Nokes & Quinn
15      450 Ocean Avenue
        Laguna Beach, CA 92651
16

17                  By:___/s/ SETH LEHRMAN
                        SETH LEHRMAN
18

19

20

21

22

23

24

25

26

27                              2
28

THOMAS P. QUINN, JR.  (SBN: 132268)
NOKES & QUINN
450 OCEAN AVENUE
LAGUNA BEACH, CA 92651
Tel: (949) 376-3055
Fax:  (949) 376-3070
Email: tquinn@nokesquinn.com

JOHN ANTHONY LOVE [Pro Hac Vice]
GA Bar No: 459155
STEPHANIE COPE, [Pro Hac Vice]
GA Bar No:  214378
KING & SPALDING
1180 PEACHTREE STREET, N.E.
ATLANTA, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
Email: TLove@KSLAW.com
Email: scope@KSLAW.com

Attorneys for Defendant EQUIFAX
INFORMATION SERVICES LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBELIA D. VILLAFLOR, individually and on behalf of all similarly situated individuals,<br><br>            Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC.,<br><br>            Defendant. | Case No:   2:08-cv-01481 FMC (AGR)<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER PLAINTIFF'S CASE BASED UPON "FIRST-TO-FILE" RULE; DECLARATION OF J. ANTHONY LOVE**<br><br>**Date:   July 7, 2008**<br>**Time:  10:00 a.m.**<br>**Place:  Courtroom 750**<br>**Hon.    Florence-Marie Cooper** |

- 1 -

DEFENDANT EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION TO TRANSFER BASED ON FIRST-TO-FILE RULE

1
2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

3

Defendant Equifax Information Services, LLC ("Equifax"), a Georgia

4

Limited Liability Corporation, submits the following Memorandum of Law in

5

Support of its Motion to Transfer  Pursuant to the "First-To-File" Rule.  As grounds

6

for this motion, Equifax states that plaintiff's counsel in this case filed a virtually

7

identical complaint against Equifax in the Northern District of California  - *Yasin v.*

8

*Equifax Information Services, LLC* -  before they filed this one.  The *Yasin* case

9

involves the exact same defendant, the exact same plaintiff's and defense counsel

10

and, most importantly, the exact same legal issues.  In fact, the Amended

11

Complaints in the two cases are carbon copies of each other except for a few

12

paragraphs that are of no consequence to the analysis here.  The interests of justice

13

and judicial efficiency will be best served if this Court decides that this case should

14

not proceed in this District.

15

Equifax seeks to have this case transferred to the Northern District of

16

California so that it may then be consolidated with the *Yasin* case in order to

17

promote judicial economy and avoid inconsistent results.[1]

18

## II.  PROCEDURAL HISTORY AND FACTS

19

This purported class action filed by Plaintiff Obelia Villaflor ("Villaflor" or

20

"Plaintiff") against Equifax is virtually identical to the *Yasin v. Equifax* case

21

pending in the Northern District of California.  The Complaint in *Yasin* was filed on

22

February 29, 2008 and the Complaint in this case was filed on March 3, 2008.  A

23

copy of the Amended Complaint in this case is attached hereto as Exhibit A and a

24

copy of the Amended Complaint filed in the *Yasin* case is attached hereto as

25

Exhibit B.

26

---

27
28

[1] Although Equifax acknowledges that it is within the Court's discretion to either dismiss this case without prejudice or stay the case pending further action in *Yasin*, Equifax submits that transfer is the most efficient and appropriate course under the circumstances.

DEFENDANT EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION TO TRANSFER BASED ON FIRST-TO-FILE RULE

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

1    Both cases are brought by individual consumers and allege that Equifax

2  violated sections 1681e(b) and g(a) of the federal Fair Credit Reporting Act, 15

3  U.S.C. 1681, *et seq.*, by reporting late payment information in a section of the

4  credit reports labeled "current status" when the account was already paid or closed.

5  Plaintiffs claim that this information in the "current status" field was inaccurate and

6  unclear.   Both cases allege that Equifax's violation was willful and seek class

7  certification.

8    *Yasin*  was filed before this action, the parties in the two cases are

9  substantially the same, and the issues are essentially identical.  Accordingly,

10  pursuant to the "first-to-file" rule and in order to promote judicial efficiency and

11  avoid the risk of inconsistent results, Equifax respectfully requests that the Court

12  transfer this case to the Northern District of California where the *Yasin* case is

13  currently pending.  Once the case is transferred, it is Equifax's intent to move to

14  have the two cases consolidated.

### III. ARGUMENT

16    The "first-to-file" rule is often employed by federal courts to decline

17  jurisdiction over a case when an almost identical case was filed previously in

18  another district court.  The first-to-file rule "was developed to 'serve the purpose of

19  promoting efficiency well and should not be disregarded lightly.'"  *Alltrade, Inc. v.*

20  *Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Church of*

21  *Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)).

22  The first-to-file rule "embodies the principles of federal comity" — that is,

23  "promot[ing] judicial efficiency by avoiding any unnecessary burden on the federal

24  judiciary and by avoiding duplicative or conflicting judgments."  *Peak v. Green*

25  *Tree Fin. Servicing Corp.*, No. C 00-0953 SC, 2000 WL 973685 at *1-2 (N.D. Cal.

26  July 7, 2000).  "Considerations of comity and orderly administration of justice

27  dictate that two courts of equal authority should not hear the same case

28  simultaneously."  *Wash. Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

DEFENDANT EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION TO TRANSFER BASED ON FIRST-TO-FILE RULE

(D.C. Cir. 1980).[2]  Under the first-to-file rule, a court may dismiss the later-filed action, transfer the later-filed action to the forum in which the first-filed action is pending, or stay the later-filed action pending resolution of the first-filed action. *Alltrade*, 946 F.2d at 623.

Three factors should be considered in determining whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of issues.  *Alltrade*, 946 F.2d at 625-26.  All three factors favor granting this motion.

### A.    This Case Should be Dismissed, Transferred to the *Yasin* Forum, or Stayed Pursuant to the First-To-File Rule.

The policies underlying the first-to-file rule strongly support dismissing this case, transferring this case to the *Yasin* forum, or staying this case in favor of the earlier filed *Yasin* case.  *Yasin* was filed before this case, the alleged classes are virtually identical to each other, and the two complaints are virtually identical with respect to the material allegations.

#### 1.    *Yasin* Is The Earlier-Filed Action.

*Yasin*, filed on February 29, 2008, predates this case, which was filed on March 3, 2008.  Further, a case management conference has already been scheduled in the *Yasin* case for June 11, 2008.

#### 2.    The Parties In The Two Cases Are Substantially The Same.

The parties are substantially the same in this suit as in *Yasin*.  The first-to-file rule requires a "substantial overlap" between the parties in the two actions; the parties need not be identical.  *See Dumas v. Major League Baseball Props., Inc.*, 52

---

[2] The application of the first-to-file rule in a particular case is "to be applied with a view to the dictates of sound judicial administration" and "is not a rigid or inflexible rule to be mechanically applied."  *Pacesetter Sys., Inc. v. Medtronic, Inc.* 678 F.2d 93, 95 (9th Cir. 1982).

DEFENDANT EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER BASED ON FIRST-TO-FILE RULE

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

F. Supp. 2d 1183, 1189 (S.D.Cal. 1999), *vacated on other grounds*, 104 F. Supp. 2d 1224 (S.D. Cal. 2000) ("[I]f the first-to-file rule exists in order to avoid the embarrassment of conflicting judgments . . . requiring a strict identity of parties and issues would undermine that policy."); *Arris Int'l, Inc. v. Hybrid Patents, Inc. (In re Com21, Inc.)*, 357 B.R. 802, 807 (Bkrtcy. N.D. Cal. 2006) ("Although some courts across the country have strictly construed the 'sameness' requirements, the courts in this circuit have generally not required strict identity of the issues or parties. Rather, substantial similarity between the actions is enough."). This standard is met here, as the proposed plaintiff classes here and in *Yasin* are nearly identical.

### a.    Proposed Plaintiff Classes.

The proposed plaintiff classes in the two actions are almost identical. For purposes of determining whether two class actions involve the same plaintiffs under the first-to-file rule, the Court should examine the proposed class, not its representatives. *See, e.g.*, *Weinstein v. MetLife, Inc.*, 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006) ("In a class action, the classes, and not the class representatives, are compared."); *Peak*, 2000 WL 973685 at *2-3 (dismissing later-filed class action pursuant to first-to-file rule when cases had identical proposed plaintiff classes).

*Villaflor* and *Yasin* each seek to represent nearly identical classes. *Villaflor* seeks to represent "All individuals in the United States for whom defendant reported alleged late payment information in the "current status" and "status" field when the account was already paid or closed and/or discharged in bankruptcy" and "All individuals in the Unites States who made a file disclosure request and for whom Defendant reported alleged late payment information in the "current status" and "status" fields when the account was already paid or closed and/or discharged in bankruptcy." (Amended Complaint ¶17 and 18). Similarly, *Yasin* seeks to represent "All individuals in the United States for whom Defendant reported in the "current status" field and the account is a "charge off" or "collection" when the

DEFENDANT EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER BASED ON FIRST-TO-FILE RULE

1  account was already paid or closed" and "All individuals in the United States who

2  made a file disclosure request and for whom Defendant reported in the "current

3  status" field that the account is a "charge off" or "collection" when the account was

4  already paid or closed." (*Yasin* Amended Complaint ¶18 and 19).

5      The proposed class definitions both relate to Equifax's use of the phrase

6  "current status" on the consumer disclosures and credit files that it maintains.  Both

7  class definitions embrace the same key element:  whether the "current status" field

8  is "clear and accurate" under the requirements of section 1681g of the federal Fair

9  Credit Reporting Act, 15 U.S.C. §1681, *et seq*.  The only difference in these class

10 definitions is that Villaflor includes the additional phrase "and/or discharged in

11 bankruptcy" in her class definition. The only differences between the two

12 complaints is paragraph 7 which simply list the dates that each plaintiff received the

13 disclosures that form the basis of their complaints.    These differences in the class

14 definition are not meaningful and the legal issues in both cases are identical.

15 Further, there is substantial overlap between the alleged classes and both plaintiffs

16 seek the same damages - statutory damages, attorney's fees, and declaratory relief

17 and both allege only willful violations of the FCRA.  The classes therefore, almost

18 completely overlap.

19     This "substantial overlap" between the plaintiff classes means that these

20 cases fall directly within the purposes of the first-to-file rule and the underlying

21 policy of "avoid[ing] the waste of duplication, . . . avoid[ing] rulings which trench

22 upon the authority of sister courts, and . . . avoid[ing] piecemeal resolution of issues

23 that call for a uniform result."  *Dumas*, 52 F. Supp. 2d at 1189.

24     Because the proposed plaintiff classes in the two cases substantially overlap,

25 the required identity of parties for purposes of the first-to-file rule is achieved.

26

27

28

- 6 -

DEFENDANT EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION TO TRANSFER BASED ON FIRST-TO-FILE RULE

1

**b.        The Defendants in the Two Actions Are The Same.**

2        The Defendant in the two actions is the same - Equifax Information Services

3    LLC.  Therefore, the requirement that the defendants in the two cases be

4    "substantially similar" is satisfied.

5

**c.        The Issues In The Two Cases Are Identical.**

6        Finally, the issues in this suit and *Yasin* are essentially identical.[3]  The

7    allegations in both complaints revolve around whether the "current status" field of

8    Equifax's credit files and consumer disclosures "clearly and accurately" describe

9    the information contained in the file as required by section 1681g of the FCRA.

10    (*See*, *Villaflor* Amended Complaint, ¶17 and 18; *Yasin* Amended Complaint, ¶18

11    and 19).  The *Villaflor* Complaint and the *Yasin* Complaint describe the same

12    allegedly improper conduct on behalf of Equifax.

13        Equifax has simultaneously filed identical motions to dismiss the injunctive

14    relief portions of the complaints in both Yasin and Villaflor.  Already, the potential

15    for inconsistent rulings exists.  Furthermore, if this case proceeds before this Court,

16    Equifax will likely bring a Motion for Summary Judgment based upon the Supreme

17    Court's ruling in *Safeco Ins. Co. v. Burr*, 127 S. Ct. 2201 (2007) in both this case

18    and *Yasin* - again, presenting an opportunity for inconsistent results on the same

19    legal issue.  The first-to-file rule exist to prevent precisely this type of duplicate

20    arguments, waste of judicial resources and risk of inconsistent rulings   For two

21    Courts to duplicate their efforts in an identical exercise would be a waste of judicial

22    resources.  Of course, while Equifax is confident that this Court and the *Yasin*

23    Court would reach the same conclusions on the pending motions to dismiss and the

24    anticipated motions for summary judgment under *Safeco*, undertaking this same

25

26

27        [3] It is not necessary that the issues raised be precisely identical, only that "the two cases
contain similar issues."  *Peak*, 2000 WL 973685 at *2 (citing *Ward v. Follett Corp.*, 158 F.R.D.

28    645, 648 (N.D. Cal. 1994)).  Here, however, the conduct that is alleged to have violated the
FCRA is the same.

DEFENDANT EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION TO TRANSFER BASED ON FIRST-TO-FILE RULE

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

1 exercise creates the risk of inconsistent judgments in courts of equal standing —

2 judgments that, because of the substantial similarity in parties and claims, would

3 affect the putative class members in both actions.

4       In sum, the issues raised in both the *Yasin* and this case concern the same

5 issue:  the use of the "current status" field on Equifax's credit files and consumer

6 disclosures.  Accordingly, judicial resources would be conserved and the risk of

7 inconsistent judgments would be avoided by dismissing this case, transferring this

8 case to the *Yasin* forum, or staying this case in favor of the earlier filed *Yasin*

9 action.

10 **IV.  CONCLUSION**

11       Pursuant to the first-to-file rule, Equifax respectfully requests that this Court

12 dismiss without prejudice the Plaintiff's Complaint, transfer this case to the *Yasin*

13 forum or stay this case pending resolution of the *Yasin* case in the Northern District

14 of California.

15       Equifax has conferred with counsel for Plaintiff and Plaintiff does not

16 consent to transfer.  *See* Declaration of J. Anthony Nokes attached hereto as Exhibit

17 C.

18       Dated this 12th day of May, 2008.

19

20                   NOKES & QUINN

21

22                   /S/ THOMAS P. QUINN, JR.

23                   THOMAS P. QUINN, JR.

24                   Attorneys for Defendant EQUIFAX

                  INFORMATION SERVICES LLC

25

26

27

28

DEFENDANT EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION TO TRANSFER BASED ON FIRST-TO-FILE RULE

## <u>CERTIFICATE OF SERVICE</u>

VILLAFLOR v EQUIFAX, et al, CASE NO:  CV08-01481FMC (AGRx)

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Fulton, State of Georgia, and not a party to the above-entitled cause.

On May 12, 2008. I served a true copy of the

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER CASE BASED ON "FIRST-TO-FILE" RULE**

[X]    By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

> James S. Knopf
> Law Offices of James S. Knopf
> 1840 Gateway Drive, Suite 200
> San Mateo, California 94404

> Seth Lehrman
> Lehrman& Lehrman, PA
> 1801 North Pine Island Rd., Suite 103
> Plantation, Florida 33322

[ X ]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following;

> Steven F. Grover, P.A.
> Steven F. Grover
> 1 East Broward Blvd., Suite 700
> Fort Lauderdale, Florida 33301

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

DEFENDANT EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER BASED ON FIRST-TO-FILE RULE

1  THOMAS P. QUINN, JR.  (SBN: 132268)
   NOKES & QUINN
2  450 OCEAN AVENUE
   LAGUNA BEACH, CA 92651
3  Tel: (949) 376-3055
   Fax:  (949) 376-3070
4  Email: tquinn@nokesquinn.com

5  JOHN ANTHONY LOVE [Pro Hac Vice]
   GA Bar No: 459155
6  STEPHANIE COPE, [Pro Hac Vice]
   GA Bar No:  214378
7  KING & SPALDING
   1180 PEACHTREE STREET, N.E.
8  ATLANTA, GA 30309
   Tel: (404) 572-4600
9  Fax: (404) 572-5100
   Email: TLove@KSLAW.com
10 Email: scope@KSLAW.com

11 Attorneys for Defendant EQUIFAX
   INFORMATION SERVICES LLC
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16 OBELIA D. VILLAFLOR,                    ) Case No:   2:08-cv-01481 FMC (AGR)
                                           )
17 individually and on behalf of all       )
   similarly situated individuals,         )
18                                         ) DEFENDANT EQUIFAX
                                           ) INFORMATION SERVICES LLC'S
19              Plaintiff,                  ) MEMORANDUM OF POINTS AND
                                           ) AUTHORITIES IN SUPPORT OF
20 v.                                       ) MOTION TO DISMISS;
                                           ) DECLARATION OF J. ANTHONY
21                                         ) LOVE
   EQUIFAX INFORMATION                     )
22 SERVICES, LLC.,                          )
                                           )
23                                         ) Date:  July 7, 2008
              Defendant.                    ) Time:  10:00 a.m.
24                                         ) Place:  Courtroom 750
                                           ) Hon.    Florence-Marie Cooper
25                                         )
26 ─────────────────────────────────────── )

27

28

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

-1-

EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.  INTRODUCTION

Defendant Equifax Information Services, LLC ("Equifax"), a Georgia Limited Liability Corporation, submits the following Memorandum of Law in Support of its Motion to Dismiss.  Equifax asks the Court to dismiss the claims for injunctive and declaratory relief contained in Plaintiff's Amended Complaint. Plaintiff's claims are brought under the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA") and injunctive and declaratory relief is not available under the FCRA.

## II.  STATEMENT OF FACTS

Plaintiff's Amended Complaint alleges that Equifax violated sections §1681e(b) and §1681g of the FCRA in relation to its reporting of the "current status" field on the credit files that it provides to potential lenders and the consumer disclosures that it provides to consumers who ask for a copy of their credit file. (Amended Complaint, ¶¶ 7-15).  Included in Plaintiff's Amended Complaint is a request for injunctive and declaratory relief.  Specifically, paragraphs 24 through 26 of Plaintiff's Amended Complaint state:

24.  The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for Defendant. For example, *one court might decide that the challenged actions are illegal and enjoin them,* while another court might decide that those same actions are not illegal.  . . .

25.  Defendant's actions are generally applicable to the Class as a whole, and *Plaintiff seeks, inter alia, equitable remedies* with respect to the Class as a whole.

EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

26.  Defendant's systematic policy and practices make *declaratory relief* with respect to the Class as a whole appropriate.  (Amended Complaint, ¶¶ 24-26)  (emphasis added).

Plaintiff's only claim(s) for relief are under the FCRA.  (Amended Complaint, ¶¶ 30-32, 35-37).  Plaintiff does not allege any separate state law claims in equity.

### III.  ARGUMENT AND CITATION OF AUTHORITY

A.  <u>Standard for Rule 12(b)(6) Motion to Dismiss</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994).  Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Inter-Mark USA, Inc. v. Intuit, Inc.* at 2008 WL 552482 at *6 (N.D.Cal., 2008).  When analyzing a complaint for failure to state a claim, all factual allegations are taken as true and construed in the light most favorable to the nonmoving party.  *Iolab Corp. v. Seaboard Sur. Co.,* 15 F.3d 1500, 1504 (9th Cir. 1994). If a complaint is dismissed, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. ServWell Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986).  However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged." "A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  *Inter-Mark USA, Inc.* at 2008 WL 552482*6 (N.D.Cal., 2008); *Bell Atl. Corp. v. Twombley,* --- U.S. ----, ----, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

-3-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B.  Injunctive Relief is Not Available Under the FCRA

Plaintiff's Amended Complaint plainly seeks injunctive and declaratory relief against Equifax.  (*See* Plaintiff's Amended Complaint ¶¶ 24-26).  Plaintiff's claim for this relief should be dismissed because individual private litigants, like Plaintiff, cannot seek such relief against a credit reporting agency like Equifax under the FCRA.

Sections 1681n and 1681o of the FCRA set forth all of the potential remedies for noncompliance with the FCRA.  Neither section makes any mention of injunctive relief.  The lack of  any available equitable remedy under Sections 1681n and 1681o is significant because Congress expressly created an equitable remedy under Section 1681s(a).  If Congress had intended to give private litigants the right to seek injunctive (or declaratory) relief for alleged noncompliance with the FCRA, it would have expressly created an equitable remedy under Sections 1681n and 1681o, just as it did under Section 1681s(a).  *Washington v. CSC Credit Serv., Inc.*, 199 F. 3d 269 (5th Cir. 2000)("the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC."); *Poulson v. Trans Union, LLC*, 370 F. Supp. 2d 593 (E.D. Tex. 2005)("Private litigants are limited to the remedies laid out in 15 U.S.C. §§ 1681*n* , 1681*o* . … Conspicuously absent is the availability of injunctive or equitable relief."); *Mangio v. Equifax Inc.*, 886 F. Supp. 283, 285 (S.D. Fla. 1995)("It is within the FTC's discretion whether to exercise its injunctive powers, … , and its decision whether to issue a cease and desist order against a credit agency involves a balancing of a number of factors which are peculiarly within its expertise … Permitting private individuals to enforce FCRA compliance through actions for equitable relief would circumvent, and thus undermine, the exercise of this discretion.").

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

1    Recognizing that Congress did not specify equitable relief in the statute,

2  Courts in this Circuit have consistently held that there is no injunctive relief under

3  the FCRA in situations like those presented in this case. *See, e.g., Hogan v. PMI*

4  *Mortg.*, 2006 WL 1310461 (N.D. Ca. May 12, 2006) ("[T]he fact that Congress

5  specifically enumerated the types of remedies available to consumers…and did not

6  include injunctive or declaratory relief, and the fact that Congress expressly

7  authorized such relief on behalf of federal and state agencies, suggests that

8  Congress intended to limit such equitable relief to those instances in which it

9  expressly authorized it"); *Yeagley v. Wells Fargo & Co.*, 2006 WL 193257 at *3

10  (N.D. Cal. Jan. 23, 2006) ("a private litigant may not maintain an action for

11  injunctive relief or declaratory relief under the FCRA"); *Howard v. Blue Ridge*

12  *Bank, et al.*, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005) ("the FCRA does not

13  clearly preclude injunctive relief").

14    Courts in other Circuits have similarly held that there is no injunctive relief

15  for private litigants under the FCRA. *See, e.g., Varricchio v. Capital One Service,*

16  *Inc.,* 2007 WL 917226 at *2 (S.D. Fla. March 23, 2007)(holding that the "express

17  delineation" between remedies available to individuals through private action and

18  the injunctive remedies enforceable through administrative enforcement conveys a

19  "legislative intent to limit courts" equitable powers when considering FCRA

20  claims"); *Presley v. Equifax Credit Information Services, Inc.*, 2006 WL 2457978

21  at *2 (E.D. Ky. August 21, 2006) (determining that injunctive relief was not

22  available to private litigants); *Jarrett v. Bank of America*, 421 F. Supp. 2d 1350,

23  1353 (D. Kan. 2006) ("[u]nder the FCRA, only the Federal Trade Commission can

24  seek injunctive relief from a consumer reporting agency…[i]ndividual consumers

25  are limited to the remedies provided under the FCRA, *i.e.* damages and attorney

26  fees"); *Bittick v. Experian Information Solutions, Inc.*, 419 F. Supp. 2d 917, 919

27  (N.D. Tex. 2006) ("[p]rivate plaintiffs cannot seek injunctive relief under the

28  FCRA"); *Miller v. Corestar Financial Group of PA, Inc.*, 2006 WL 1846584 at *5

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

1    (E.D. Pa. June 29, 2006) ("Congress's explicit grant of power to the FTC and

2    states, when viewed together with Congress's silence as to the right of private

3    parties' to pursue injunctions, mandates the conclusion that injunctive relief is not

4    available to private parties"); *Jones v. Sonic Automotive, Inc.*, 391 F. Supp. 2d

5    1064, 1065 (M.D. Ala. 2005) ("the FCRA does not authorize equitable relief to

6    private parties"); *Owner-Operator Independent Driver Ass'n, Inc. v. Usis*

7    *Commercial Services, Inc.*, 410 F. Supp. 2d 1005, 1009 (D. Colo. 2005) (holding

8    "that equitable relief is not available to private litigants under the FCRA"); *White v.*

9    *First American Registry, Inc.*, 378 F. Supp. 2d 419, 424 (S.D.N.Y. 2005) ("The

10    Court thus agrees with the *Washington* panel that the absence of any express

11    provision for injunctive relief in Sections 1681n and 1681o, coupled with the

12    express authorization of such relief on behalf of federal and state agencies, leads to

13    the unmistakable conclusion that Congress intended to limit injunctive relief to

14    those instances in which it expressly authorized it"); *In re Trans Union Corp.*

15    *Privacy Litigation*, 211 F.R.D. 328, 340 (N.D. Ill. 2002) ("This court agrees with

16    Washington that Congress vested the power to obtain injunctive relief solely with

17    the FTC [Federal Trade Commission]"); *Washington*, 199 F.3d 263, 268 (5th Cir.

18    2000); *Bumgarder v. Lite Cellular, Inc.*, 996 F. Supp. 525, 527 (E.D. Va. 1998)

19    ("Congress's failure to include injunctive relief as a potential remedy, combined

20    with Congress's express delegation of enforcement of the FCRA to the FTC,

21    clearly indicates that Congress did not intend injunctive relief as a remedy");

22    *Mangio*, 887 F. Supp. at 284-85 (holding that private plaintiffs cannot seek

23    injunctive relief under the FCRA because such relief would circumvent the FTC's

24    discretion to enforce the FCRA); *see also, Bentley v. Providian Financial Corp.*,

25    2003 WL 22234700 at *4 (S.D.N.Y. 2003) ("The provisions of the FCRA that

26    create a private right of action under the Act do not permit individual plaintiffs to

27    obtain declaratory or injunctive relief").

28

EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

1    Because Congress did not provide for such relief for the provisions of the

2    FCRA which Plaintiff alleges that Equifax violated, the Court should dismiss

3    Plaintiff's claim for injunctive or declaratory relief under the FCRA.

4

5                                **IV.  CONCLUSION**

6          For the reasons set forth above, Equifax requests that its motion be granted

7    and any claims for injunctive or declaratory relief, including those contained in

8    paragraphs 24 through 26 of Plaintiff's Amended Complaint, be dismissed with

9    prejudice.

10         I have conferred with Plaintiff's counsel and Plaintiff does not consent to

11   dismissal of the claims for injunctive and declaratory relief in the Complaint, as

12   amended.

13         I have conferred with Plaintiff's counsel and Plaintiff does not consent to

14   transfer of this case to the Northern District of California.   *See* Declaration of J.

15   Anthony Love attached hereto as Exhibit A.

16         Dated this 12th day of May, 2008.

17                                        NOKES & QUINN

18

19
                                         /S/ THOMAS P. QUINN, JR.
20                                       THOMAS P. QUINN, JR.
21                                       Attorney for Defendant EQUIFAX
                                         INFORMATION SERVICES LLC
22

23

24

25

26

27

28

EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

VILLAFLOR v EQUIFAX, et al, CASE NO:  CV08-01481FMC (AGRx)

    I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Fulton, State of Georgia, and not a party to the above-entitled cause.

    On May 12, 2008, I served a true copy of the

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

    [X]    By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

James S. Knopf
Law Offices of James S. Knopf
1840 Gateway Drive, Suite 200
San Mateo, California 94404

Seth Lehrman
Lehrman& Lehrman, PA
1801 North Pine Island Rd., Suite 103
Plantation, Florida 33322

    [ X ]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following;

Steven F. Grover, P.A.
Steven F. Grover
1 East Broward Blvd., Suite 700
Fort Lauderdale, Florida 33301

    I am employed in or by the office of a member of the bar of this Court at whose direction the service was made.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

1   Executed on May 12, 2008 at Laguna Beach, California.

2

3

4                                /S/ YVONNE M. HOMAN
                                 YVONNE M. HOMAN
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

-9-

EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

THOMAS P. QUINN, JR. (SBN: 132268)
NOKES & QUINN
450 OCEAN AVENUE
LAGUNA BEACH, CA 92651
Tel: (949) 376-3055
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com

JOHN ANTHONY LOVE [Pro Hac Vice]
Georgia Bar No: 459155
KING & SPALDING
1180 PEACHTREE STREET, N.E.
ATLANTA, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
Email: TLove@KSLAW.com

Attorneys for Defendant EQUIFAX
INFORMATION SERVICES LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON D. YASIN, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC.,<br><br>Defendant. | Case No: 08-CV-01234 EMC<br><br>**DECLARATION OF J. ANTHONY LOVE**<br><br>**Date: June 11, 2008**<br>**Time: 10:30 a.m.**<br>**Place: Courtroom C, 15th floor**<br>**Hon. Judge Edward M. Chen** |

I, J. Anthony Love, hereby declare as follows:

1.      I am an attorney at law duly admitted to practice before all the courts of the state of Georgia and a member of the law firm of King & Spalding LLP,

DECLARATION OF J. ANTHONY LOVE

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

attorneys for Equifax Information Services LLC, a Georgia Limited Liability Company, herein.   I am admitted pro hac vice in the above-referenced matter.  The facts set forth in this Declaration are within my personal knowledge, and if called upon to testify, I could and would competently testify thereto.  As to those matters stated herein on information and belief, I am informed and believe the same are true and upon that basis declare them to be true.

2.    I have conferred with Plaintiff's counsel and Plaintiff does not consent to a stay of this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 12th day of May, 2008 at Atlanta, Georgia.


/S/ J. ANTHONY LOVE_____
J. ANTHONY LOVE

-2-

DECLARATION OF J. ANTHONY LOVE