1   THOMAS P. QUINN, JR.  (SBN: 132268)
    NOKES & QUINN
2   450 OCEAN AVENUE
    LAGUNA BEACH, CA 92651
3   Tel: (949) 376-3055
    Fax:  (949) 376-3070
4   Email: tquinn@nokesquinn.com

5   JOHN ANTHONY LOVE [Pro Hac Vice]
    GA Bar No: 459155
6   STEPHANIE COPE [Pro Hac Vice]
    GA Bar No:  214378
7   KING & SPALDING
    1180 PEACHTREE STREET, N.E.
8   ATLANTA, GA 30309
    Tel: (404) 572-4600
9   Fax: (404) 572-5100
    Email: TLove@KSLAW.com
10  Email: scope@KSLAW.com

11  Attorneys for Defendant EQUIFAX
    INFORMATION SERVICES LLC
12

13                 **UNITED STATES DISTRICT COURT**

14                 **NORTHERN DISTRICT OF CALIFORNIA**

15

16  SHARON D. YASIN,                        ) Case No:   3:08-CV-01234 EMC
    individually and on behalf of all similarly  )
17  situated individuals,                   )
                                            ) **DEFENDANT EQUIFAX**
18                                          ) **INFORMATION SERVICES LLC'S**
                    Plaintiff,              ) **MEMORANDUM OF POINTS AND**
19                                          ) **AUTHORITIES IN SUPPORT OF**
    v.                                      ) **MOTION TO DISMISS; DECLARATION**
20                                          ) **OF J. ANTHONY LOVE**
                                            )
21  EQUIFAX INFORMATION SERVICES,           )
    LLC.,                                   )
22                                          )
                                            ) **Date:  June 11, 2008**
23                  Defendant.              ) **Time: 10:30 a.m.**
                                            ) **Place: Courtroom C, 15th floor**
24                                          ) **Hon.   Edward M. Chen**
                                            )
25                                          )
                                            )
26  _____ )

27

28
                                   -1-

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS
CASE NO: 3:08-CV-01234 EMC

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

### **I. INTRODUCTION**

3          Defendant Equifax Information Services, LLC ("Equifax"), a Georgia Limited Liability

4    Corporation, submits the following Memorandum of Law in Support of its Motion to Dismiss.

5    Equifax asks the Court to dismiss the claims for injunctive and declaratory relief contained in

6    Plaintiff's Amended Complaint.  Plaintiff's claims are brought under the Fair Credit Reporting

7    Act, 15 U.S.C. §1681, *et seq.* ("FCRA") and injunctive and declaratory relief is not available

8    under the FCRA.

9

### **II. STATEMENT OF FACTS**

10         Plaintiff's Amended Complaint alleges that Equifax violated sections §1681e(b) and

11   §1681g of the FCRA in relation to its reporting of the "current status" field on the credit files that

12   it provides to potential lenders and the consumer disclosures that it provides to consumers who

13   ask for a copy of their credit file.  (Amended Complaint, ¶¶ 7-17).  Included in Plaintiff's mended

14   Complaint is a request for injunctive and declaratory relief.  Specifically, paragraphs 24 through

15   26 of Plaintiff's Amended Complaint state:

16         24.  The prosecution of separate actions by members of the Class would create a risk of

17   establishing incompatible standards of conduct for Defendant.  For example, *one court might*

18   *decide that the challenged actions are illegal and enjoin them,* while another court might decide

19   that those same actions are not illegal.  . . .

20         25.  Defendant's actions are generally applicable to the Class as a whole, and

21   *Plaintiff seeks, inter alia, equitable remedies* with respect to the Class as a whole.

22         26.  Defendant's systematic policy and practices make *declaratory relief*   with respect to

23   the Class as a whole appropriate.  (Amended Complaint, ¶¶ 24-26)  (emphasis added).

24         Plaintiff's only claim(s) for relief are under the FCRA.  (Amended Complaint, ¶¶ 30-32,

25   35-37).  Plaintiff does not allege any separate state law claims in equity.

26   *///*

27   *///*

28   *///*

EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS
CASE NO: 3:08-CV-01234 EMC

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

1          **III.  ARGUMENT AND CITATION OF AUTHORITY**

2              A.  Standard for Rule 12(b)(6) Motion to Dismiss

3          A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should not be granted

4    "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims

5    which would entitle him to relief." *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir. 1994).

6    Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that

7    would support a valid theory. *Inter-Mark  USA, Inc. v. Intuit, Inc.* at 2008 WL 552482 at \*6

8    (N.D.Cal., 2008).  When analyzing a complaint for failure to state a claim, all factual allegations

9    are taken as true and construed in the light most favorable to the nonmoving party.  *Iolab Corp. v.*

10   *Seaboard Sur. Co.,* 15 F.3d 1500, 1504 (9th Cir. 1994). If a complaint is dismissed, "leave to

11   amend should be granted unless the court determines that the allegation of other facts consistent

12   with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v.*

13   *ServWell Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986).  However, the court is not required

14   to accept legal conclusions cast in the form of factual allegations if those conclusions cannot be

15   reasonably drawn from the facts alleged." "A complaint must contain either direct or inferential

16   allegations respecting all the material elements necessary to sustain recovery under some viable

17   legal theory." *Inter-Mark USA, Inc.* at 2008 WL 552482\*6 (N.D.Cal., 2008); *Bell Atl. Corp. v.*

18   *Twombley,* --- U.S. ----, ----, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).

19            B.  Injunctive Relief is Not Available Under the FCRA

20         Plaintiff's Amended Complaint plainly seeks injunctive and declaratory relief against

21   Equifax.  (*See* Plaintiff's Amended Complaint ¶¶ 24-26).  Plaintiff's claim for this relief should

22   be dismissed because individual private litigants, like Plaintiff, cannot seek such relief against a

23   credit reporting agency like Equifax under the FCRA.

24         Sections 1681n and 1681o of the FCRA set forth all of the potential remedies for

25   noncompliance with the FCRA.  Neither section makes any mention of injunctive relief.  The lack

26   of  any available equitable remedy under Sections 1681n and 1681o is significant because

27   Congress expressly created an equitable remedy under Section 1681s(a).  If Congress had

28   intended to give private litigants the right to seek injunctive (or declaratory) relief for alleged

                                                    -3-

                              EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES
                              IN SUPPORT OF MOTION TO DISMISS
                              CASE NO: 3:08-CV-01234 EMC

1   noncompliance with the FCRA, it would have expressly created an equitable remedy under

2   Sections 1681n and 1681o, just as it did under Section 1681s(a).  *Washington v. CSC Credit*

3   *Serv., Inc.*, 199 F. 3d 269 (5ᵗʰ Cir. 2000)("the affirmative grant of power to the FTC to pursue

4   injunctive relief, coupled with the absence of a similar grant to private litigants when they are

5   expressly granted the right to obtain damages and other relief, persuasively demonstrates that

6   Congress vested the power to obtain injunctive relief solely with the FTC."); *Poulson v. Trans*

7   *Union, LLC*, 370 F. Supp. 2d 593 (E.D. Tex. 2005)("Private litigants are limited to the remedies

8   laid out in 15 U.S.C. §§ 1681*n* , 1681*o* . … Conspicuously absent is the availability of injunctive

9   or equitable relief."); *Mangio v. Equifax Inc.*, 886 F. Supp. 283, 285 (S.D. Fla. 1995)("It is within

10   the FTC's discretion whether to exercise its injunctive powers, … , and its decision whether to

11   issue a cease and desist order against a credit agency involves a balancing of a number of factors

12   which are peculiarly within its expertise … Permitting private individuals to enforce FCRA

13   compliance through actions for equitable relief would circumvent, and thus undermine, the

14   exercise of this discretion.").

15        Recognizing that Congress did not specify equitable relief in the statute, Courts in this

16   Circuit have consistently held that there is no injunctive relief under the FCRA in situations like

17   those presented in this case.  *See*, e.g., *Hogan v. PMI Mortg.*, 2006 WL 1310461 (N.D. Ca. May

18   12, 2006) ("[T]he fact that Congress specifically enumerated the types of remedies available to

19   consumers…and did not include injunctive or declaratory relief, and the fact that Congress

20   expressly authorized such relief on behalf of federal and state agencies, suggests that Congress

21   intended to limit such equitable relief to those instances in which it expressly authorized it");

22   *Yeagley v. Wells Fargo & Co.*,  2006 WL 193257 at *3 (N.D. Cal. Jan. 23, 2006) ("a private

23   litigant may not maintain an action for injunctive relief or declaratory relief under the FCRA");

24   *Howard v. Blue Ridge Bank, et al.*, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005) ("the FCRA

25   does not clearly preclude injunctive relief").

26        Courts in other Circuits have similarly held that there is no injunctive relief for private

27   litigants under the FCRA.  *See*, e.g., *Varricchio v. Capital One Service, Inc.,* 2007 WL 917226 at

28   *2 (S.D. Fla. March 23, 2007)(holding that the "express delineation" between remedies available

-4-

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS
CASE NO: 3:08-CV-01234 EMC

1    to individuals through private action and the injunctive remedies enforceable through

2    administrative enforcement conveys a "legislative intent to limit courts" equitable powers when

3    considering FCRA claims"); *Presley v. Equifax Credit Information Services, Inc.*, 2006 WL

4    2457978 at \*2 (E.D. Ky. August 21, 2006) (determining that injunctive relief was not available to

5    private litigants); *Jarrett v. Bank of America*, 421 F. Supp. 2d 1350, 1353 (D. Kan. 2006)

6    ("[u]nder the FCRA, only the Federal Trade Commission can seek injunctive relief from a

7    consumer reporting agency…[i]ndividual consumers are limited to the remedies provided under

8    the FCRA, *i.e.* damages and attorney fees"); *Bittick v. Experian Information Solutions, Inc.*, 419

9    F. Supp. 2d 917, 919 (N.D. Tex. 2006) ("[p]rivate plaintiffs cannot seek injunctive relief under

10   the FCRA"); *Miller v. Corestar Financial Group of PA, Inc.*, 2006 WL 1846584 at \*5 (E.D. Pa.

11   June 29, 2006) ("Congress's explicit grant of power to the FTC and states, when viewed together

12   with Congress's silence as to the right of private parties' to pursue injunctions, mandates the

13   conclusion that injunctive relief is not available to private parties"); *Jones v. Sonic Automotive,*

14   *Inc.*, 391 F. Supp. 2d 1064, 1065 (M.D. Ala. 2005) ("the FCRA does not authorize equitable

15   relief to private parties"); *Owner-Operator Independent Driver Ass'n, Inc. v. Usis Commercial*

16   *Services, Inc.*, 410 F. Supp. 2d 1005, 1009 (D. Colo. 2005) (holding "that equitable relief is not

17   available to private litigants under the FCRA"); *White v. First American Registry, Inc.*, 378 F.

18   Supp. 2d 419, 424 (S.D.N.Y. 2005) ("The Court thus agrees with the *Washington* panel that the

19   absence of any express provision for injunctive relief in Sections 1681n and 1681o, coupled with

20   the express authorization of such relief on behalf of federal and state agencies, leads to the

21   unmistakable conclusion that Congress intended to limit injunctive relief to those instances in

22   which it expressly authorized it"); *In re Trans Union Corp. Privacy Litigation*, 211 F.R.D. 328,

23   340 (N.D. Ill. 2002) ("This court agrees with Washington that Congress vested the power to

24   obtain injunctive relief solely with the FTC [Federal Trade Commission]"); *Washington*, 199

25   F.3d 263, 268 (5th Cir. 2000); *Bumgarder v. Lite Cellular, Inc.*, 996 F. Supp. 525, 527 (E.D. Va.

26   1998) ("Congress's failure to include injunctive relief as a potential remedy, combined with

27   Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that

28   Congress did not intend injunctive relief as a remedy"); *Mangio*, 887 F. Supp. at 284-85 (holding

-5-

EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS
CASE NO: 3:08-CV-01234 EMC

1  that private plaintiffs cannot seek injunctive relief under the FCRA because such relief would

2  circumvent the FTC's discretion to enforce the FCRA); *see also, Bentley v. Providian Financial*

3  *Corp.*, 2003 WL 22234700 at *4 (S.D.N.Y. 2003) ("The provisions of the FCRA that create a

4  private right of action under the Act do not permit individual plaintiffs to obtain declaratory or

5  injunctive relief").

6       Because Congress did not provide for such relief for the provisions of the FCRA which

7  Plaintiff alleges that Equifax violated, the Court should dismiss Plaintiff's claim for injunctive or

8  declaratory relief under the FCRA.

9  **IV.  CONCLUSION**

10       For the reasons set forth above, Equifax requests that its motion be granted and any claims

11  for injunctive or declaratory relief, including those contained in paragraphs 24 through 26 of

12  Plaintiff's Amended Complaint, be dismissed with prejudice.

13       Counsel for Equifax has consulted with Plaintiff's counsel and Plaintiff does not consent

14  to dismissal of the claims for injunctive and declaratory relief.  *See*, Declaration of J. Anthony

15  Love, attached hereto Exhibit A.

16       Dated this 12th day of May, 2008.

17           NOKES & QUINN

18

19           /S/ THOMAS P. QUINN, JR.

20           THOMAS P. QUINN, JR.
         Attorney for Defendant EQUIFAX

21           INFORMATION SERVICES LLC

22

23

24

25

26

27

28

-6-

EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS
CASE NO: 3:08-CV-01234 EMC

1

## CERTIFICATE OF SERVICE

2

YASIN v DEFENDANT EQUIFAX, et al., CASE NO: CV 08 1234 EMC

3

4          I, the undersigned, certify and declare that I am over the age of 18 years, employed in the
County of Orange, State of California, and not a party to the above-entitled cause.

5

6          On May 12, 2008, I served a true copy of the

7          **MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS**

8

9          [ X ]    By depositing it in the United States Mail in a sealed envelope with the postage
thereon fully prepaid to the following:

10

11                         Seth Lehrman
                         Lehrman& Lehrman, PA
                         1801 North Pine Island Rd., Suite 103
12                         Plantation, Florida 33322

13
                         Steven F. Grover, P.A.
14                         Steven F. Grover
                         1 East Broward Blvd., Suite 700
15                         Fort Lauderdale, Florida 33301

16
          [X]      By ECF: On this date, I electronically filed the above-referenced document with
17   the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing
     to all other parties appearing on the docket sheet as follows:
18

19                         James S. Knopf
                         Law Offices of James S. Knopf
20                         1840 Gateway Drive, Suite 200
                         San Mateo, California 94404
21

22          I hereby certify that I am employed in the office of a member of the Bar of this Court at
     whose direction the service was made.
23

24          I hereby certify under the penalty of perjury under the laws of the United States of
     America that the foregoing is true and correct.
25

26                                        /S/ YVONNE M. HOMAN
                                        YVONNE M. HOMAN
27

28

-7-

EQUIFAX'S MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS
CASE NO: 3:08-CV-01234 EMC

1   THOMAS P. QUINN, JR.  (SBN: 132268)
    NOKES & QUINN
2   450 OCEAN AVENUE
    LAGUNA BEACH, CA 92651
3   Tel: (949) 376-3055
    Fax:  (949) 376-3070
4   Email: tquinn@nokesquinn.com

5   JOHN ANTHONY LOVE [Pro Hac Vice]
    GA Bar No: 459155
6   STEPHANIE COPE, [Pro Hac Vice]
    GA Bar No:  214378
7   KING & SPALDING
    1180 PEACHTREE STREET, N.E.
8   ATLANTA, GA 30309
    Tel: (404) 572-4600
9   Fax: (404) 572-5100
    Email: TLove@KSLAW.com
10  Email: scope@KSLAW.com

11  Attorneys for Defendant EQUIFAX
    INFORMATION SERVICES LLC
12

13                 **UNITED STATES DISTRICT COURT**

14              **NORTHERN DISTRICT OF CALIFORNIA**

15

16  SHARON D. YASIN,                          ) Case No:   3:08-CV-01234 EMC
    individually and on behalf of all similarly )
17  situated individuals,                      )
                                               )
18                                             )
                    Plaintiff,                 ) **DECLARATION OF**
19                                             ) **J. ANTHONY LOVE**
    v.                                         )
20                                             )
                                               )
21  EQUIFAX INFORMATION SERVICES,              ) **Date:   June 11, 2008**
    LLC.,                                      ) **Time: 10:30 a.m.**
22                                             ) **Place:  Courtroom C, 15th floor**
                                               ) **Hon.   Judge Edward M. Chen**
23                  Defendant.                 )
                                               )
24                                             )
                                               )
25  _____)

26

27

28

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

                                    -1-

1    **DECLARATION OF JOHN ANTHONY LOVE**

2    I, J. Anthony Love, hereby declare as follows:

3    1.    I am an attorney at law duly admitted to practice before all the courts of the state

4    of Georgia and a member of the law firm of King & Spalding LLP, attorneys for Equifax

5    Information Services LLC, a Georgia Limited Liability Company, herein.   I am admitted pro hac

6    vice in the above-referenced matter.  The facts set forth in this Declaration are within my personal

7    knowledge, and if called upon to testify, I could and would competently testify thereto.  As to

8    those matters stated herein on information and belief, I am informed and believe the same are true

9    and upon that basis declare them to be true.

10    2.    I have conferred with Plaintiff's counsel and Plaintiff does not consent to

11    dismissal of the claims for injunctive and declaratory relief in the Complaint, as amended.

12    I declare under penalty of perjury under the laws of the State of California that the

13    foregoing is true and correct.

14    Dated this 12th day of May, 2008 at Atlanta, Georgia.

15

16    By:  /S/ J. ANTHONY LOVE_____
        J. ANTHONY LOVE

17

18

19

20

21

22

23

24

25

26

27

28

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

-2-

DECLARATION OF J. ANTHONY LOVE
CASE NO.: 3:08-CV-01234 EMC