THOMAS P. QUINN, JR.  (SBN: 132268)
NOKES & QUINN
450 OCEAN AVENUE
LAGUNA BEACH, CA 92651
Tel: (949) 376-3055
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com

JOHN ANTHONY LOVE [Pro Hac Vice]
GA Bar No: 459155
STEPHANIE COPE, [Pro Hac Vice]
GA Bar No:  214378
KING & SPALDING
1180 PEACHTREE STREET, N.E.
ATLANTA, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
Email: TLove@KSLAW.com
Email: scope@KSLAW.com

Attorneys for Defendant EQUIFAX INFORMATION SERVICES LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON D. YASIN, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No:   08-cv-01234 MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

## 1. Jurisdiction and Service:

The Court has federal question jurisdiction over this action pursuant to 15 U.S.C. §1681p, and 28 U.S.C. §1331.  There are no issues concerning personal jurisdiction.  The only venue issue is that Defendant has filed a motion to transfer the action *Villaflor v. Equifax*, filed in the Central District of California, to this Court.  All parties in the instant action have been served.

5139267

-1-

JOINT CASE MANAGEMENT STATEMENT
CASE NO.: 3:08-CV-01234 EMC

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

## 2. Facts:

Plaintiff alleges that Equifax willfully violated sections 1681e(b) and g(a) of the federal Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.*, by reporting inaccurate and unclear information in the "current status section" of credit reports. Specifically, Plaintiff alleges that Defendant willfully and systematically reports late payment information in the "current status" section of credit reports when the account had already been paid or closed.

Equifax denies these allegations.

## 3. Legal Issues:

Plaintiff alleges that Defendant willfully violated 15 U.S.C. §1681e(b), throughout the entire course of its actions, by willfully failing to follow reasonable procedures in the preparation of the consumer reports, concerning the Plaintiff and the class, to assure maximum possible accuracy of the information in the report in violation of 15 U.S.C. §1681e(b).

Plaintiff further alleges that Defendant willfully violated 15 U.S.C. §1681g(a), throughout the entire course of its actions, by willfully failing, upon request, to disclose clearly and accurately the "current status" of the Plaintiff's and the class's consumer reports, in violation of U.S.C. §1681g(a).

Equifax denies these allegations.

## 4. Motions:

a. Defendant's Motion to Dismiss Claim for Injunctive and Declaratory Relief - hearing set on July 11, 2008;
b. Defendant's Motion to Stay - hearing set on July 11, 2008;
c. The following additional motions are anticipated:
   i. Motion for Class Certification
   ii. Motions for Summary Judgment

## 5. Amendment of Pleadings:

a. Plaintiff anticipates that she may seek leave to amend the complaint for the purpose of adding class representatives to the action. Plaintiff requests 90 days from the Case Management Conference to file a motion to amend complaint. Equifax reserves the right to object to this request.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

5139267                    -2-
                    JOINT CASE MANAGEMENT STATEMENT
                    CASE NO.: 3:08-CV-01234 EMC

b. Defendant contends that Plaintiff's claim for injunctive and declaratory relief under the FCRA should be dismissed by the Court in adjudicating Defendant's Motion to Dismiss.

**6. Evidence Preservation:**

Plaintiff has preserved the Consumer Reports sent to her by the Defendant which are the subject of this action. Plaintiff and the proposed Class request that Defendant preserve any and all documents that relate to the allegations in this action. Equifax has taken steps to insure the preservation of any evidence related to the claims contained in the Complaint.

**7. Disclosures:**

The parties have not exchanged R. 26 initial disclosures in light of the pending motions and the absence of a scheduling order.

**8. Discovery:**

Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

The parties have not engaged in any formal discovery.

**The parties propose the following discovery plan:**

(A) The parties to exchange initial disclosures within twenty days of June 20, 2008.

(B) The parties will need discovery related to class certification issues and the underlying merits. Plaintiff proposes that discovery be open and not conducted in phases.

(C) Equifax intends to seek discovery related to Plaintiff's individual and class claims as set forth in the Complaint; including her personal, financial and credit history; her suitability as a class representative; the similarity or lack thereof between her claims and those of the purported class members; her alleged damages and those of the purported class members and any other matters related to Plaintiff's request for class certification.

**9. Class Actions:**

The parties suggest that a deadline of April 1, 2009 for the filing of Plaintiff's motion for Class Certification.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

5139267                                    -3-
                          JOINT CASE MANAGEMENT STATEMENT
                          CASE NO.: 3:08-CV-01234 EMC

**10. Related Cases:**

Another putative class action against Defendant was filed in the Central District of California, *Villaflor v. Equifax*. Plaintiff contends that *Villaflor* is distinct from the instant action. However, Defendant has filed a motion to transfer *Villaflor* to this Honorable Court.

**11. Relief:**

Plaintiff and the proposed class seek to recover statutory and punitive damages from Defendant pursuant to 15 U.S.C. §1681n. Statutory damages maybe between $100 to $1,000 per violation. Plaintiff and the proposed Class seek to recover attorney's fees and costs from the Defendant pursuant to Section 1681n and 1681o. Plaintiff and the proposed Class anticipate seeking attorney fees under the common fund doctrine.

Equifax denies that Plaintiff and the proposed class are entitled to the requested relief.

**12. Settlement and ADR:**

Plaintiff's counsel and Defendant's counsel have met and conferred, via telephone, about early ADR. However, counsel agree that ADR would be premature at this time because of the pending issues concerning the possible transfer of *Villaflor*, the pending motion to dismiss the injunctive relief claim, and the lack of any discovery.

Plaintiff's counsel suggests that completion of Rule 30(b)(6) depositions and written discovery on class certification issues and the merits would be necessary prior to meaningful ADR.

**13. Consent to Magistrate Judge For All Purposes:**

Not all of the parties consent to the jurisdiction of a magistrate judge for all purposes.

**14. Other References:**

The parties do not consent to binding arbitration.

**15. Narrowing of Issues:**

N/A

**16. Expedited Schedule:**

The parties do not believe that this putative nationwide class action is appropriate for an expedited schedule.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

5139267                           -4-
                           JOINT CASE MANAGEMENT STATEMENT
                           CASE NO.: 3:08-CV-01234 EMC

## 17. Scheduling:

The parties propose the following dates and cutoffs:

| | |
|---|---|
| Expert Designations | December 1, 2008 |
| Filing Class Certification Motion | April 1, 2009 |
| Discovery cutoff | July 15, 2009 |
| Plaintiff's Expert Reports | August 31, 2009 |
| Defendant's Expert Reports | September 30, 2009 |
| Expert Discovery Cutoff | October 31, 2009 |
| Filing of Summary Judgment Motions | November 30, 2009 |
| Pretrial Conference | February 1, 2010 |
| Trial | March 1, 2010 |

## 18. Trial:

Plaintiff and the proposed class demand a jury trial on all counts so triable. Plaintiff estimates that the trial will last 10-14 days. Equifax estimates that all matters will be resolved on summary judgment. However, if a trial is necessary, it would take an estimated 4 to 5 days.

## 19. Disclosure of Non-party Interested Entities or Persons:

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Sharon D. Yasin (Plaintiff)
909 Franklin Street #9
San Francisco, Ca 94109415

LAW OFFICES OF JAMES S. KNOPF
James S. Knopf, Esq.
1840 Gateway Drive, Suite 200
San Mateo, California  94404

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

5139267                -5-
JOINT CASE MANAGEMENT STATEMENT
CASE NO.: 3:08-CV-01234 EMC

LEHRMAN & LEHRMAN, P.A.
Seth Lehrman, Esq.
1801 North Pine Island Rd., Suite 103
Plantation, Florida 33322

STEVEN F. GROVER, P.A.
Steven F. Grover
1 East Broward Blvd., Suite 700
Fort Lauderdale, Florida  33301

FRIEDMAN & BROWN, P.A.
Joel A. Brown, Esq.
Robert Friedman, Esq.
3389 Sheridan Street, #245
Hollywood, Florida 33021

Equifax Inc.
Equifax Information Services LLC

**20.** Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

   Pursuant to L.R. 16-9(b), Plaintiff makes the following disclosure:

   (1)    The specific paragraphs of F.R.Civ.P. 23 under which the action is maintainable as a class action:

          The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the class.

   (2) A description of the class or classes in whose behalf the action is brought:

       Count One of the First Amended Complaint asserts a reasonable procedures claim and defines the class as:

       All individuals in the United States for whom Defendant reported in the "current status" field that the account is a "charge off" or "collection" when the account was already paid or closed.

   Count Two of the First Amended Complaint asserts a "file disclosure" claim and defines the class as:

       All individuals in the United States who made a file disclosure request and for whom Defendant reported in the "current status" field that the account is a "charge off" or "collection" when the account was already paid or closed.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

5139267                                              -6-
                                    JOINT CASE MANAGEMENT STATEMENT
                                    CASE NO.: 3:08-CV-01234 EMC

(3)  Facts showing that the party is entitled to maintain the action under F.R.CivP 23(a) and (b):

**Rule 23(a)**

Plaintiff believes that the defined class is comprised, at a minimum, of thousands of persons nationwide for whom Defendant has made credit reports which contain the inaccurate and unclear "present status" information. Therefore, Plaintiff contends that the defined classes are sufficiently numerous.

There are questions of law or fact common to the Class, including, *inter alia*, the following:

   a. Whether Defendant's conduct alleged herein violates the FCRA;
   b. Whether Defendant's failure to use reasonable procedures to assure maximum possible accuracy of the consumer disclosure violates the FCRA; and
   c. Whether Defendant's failure to clearly and accurately disclose all information in the consumers' files violates the FCRA; and
   d. Whether Plaintiff and the Class have been damaged and the appropriate measure of such damages.

Plaintiff has the same interest in this matter as all other members of the Class and her claims are typical of all members of the Class because the Class consists of all other persons whose credit reports contained similarly inaccurate and unclear information.

Plaintiff is committed to pursuing this class action and has retained competent counsel experienced in the prosecution and successful resolution of consumer class actions. Plaintiff will fairly and adequately represent the interests of Class members and does not have interests adverse to the Class.

**Rule 23(b)**

Plaintiff alleges that Defendant has willfully and systematically produced inaccurate and unclear credit reports to persons across the nation, in violation of the FCRA. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole. The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

5139267                                                    -7-
                                          JOINT CASE MANAGEMENT STATEMENT
                                          CASE NO.: 3:08-CV-01234 EMC

1 conduct for Defendant. For example, one court might decide that the challenged actions are
2 illegal and enjoin them, while another court might decide that those same actions are not illegal.
3 Individual actions may, as a practical matter, be dispositive of the interest of the Class, who
4 would not be parties to those actions. The common questions of law and fact enumerated above
5 predominate over questions affecting only individual members of the Class, and a class action is
6 the superior method for fair and efficient adjudication of the controversy.

7 Equifax denies that this matter is suitable for class certification and/or that Plaintiff is
8 entitled to the other relief set forth above.

9 **(4)** A proposed date for the Court to consider whether the case can be maintained as a
10 class action:

11 Plaintiff proposes that the deadline for filing a motion for class certification be April 1,
12 2009.

13 Dated June 13, 2008

14 /s/ Seth Lehrman
LEHRMAN & LEHRMAN, P.A.
15 Seth Lehrman, Esq.
1801 North Pine Island Rd., Suite 103
16 Plantation, Florida 33322

17
/s/ John Anthony Love
18 JOHN ANTHONY LOVE
STEPHANIE COPE
19 KING & SPALDING

20
Attorneys for Defendant EQUIFAX
21 INFORMATION SERVICES, LLC
Services LLC
22

23
24
25
26
27
28

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

5139267                                    -8-
                       JOINT CASE MANAGEMENT STATEMENT
                       CASE NO.: 3:08-CV-01234 EMC

# CERTIFICATE OF SERVICE

YASIN v DEFENDANT EQUIFAX, et al, CASE NO: CV 08 1234 EMC

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On June 13, 2008, I served a true copy of the

## JOINT CASE MANAGEMENT STATEMENT

[ ]   By personally delivering it to the persons(s) indicated below in the manner as provided in FRCivP5(B);

[ ]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following;

[X]   By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

>James S. Knopf
>Law Offices of James S. Knopf
>1840 Gateway Drive, Suite 200
>San Mateo, California 94404

>Seth Lehrman
>Lehrman& Lehrman, PA
>1801 North Pine Island Rd., Suite 103
>Plantation, Florida 33322

>Steven F. Grover, P.A.
>Steven F. Grover
>1 East Broward Blvd., Suite 700
>Fort Lauderdale, Florida 33301

I declare under penalty of perjury that the above is true and correct (and that I am employed in or by the office of a member of the bar of this Court at whose direction the service was made).

Executed on June 13, 2008 at Atlanta, Georgia.

/S/ STEPHANIE M. PELTIER
STEPHANIE M. PELTIER

5139267   - 9 –

JOINT CASE MANAGEMENT STATEMENT
Case No: 08-cv-01234 MMC

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055