1 | JAMES S. KNOPF (CSBN 178934)
LAW OFFICES OF JAMES S. KNOPF
2 | 1840 Gateway Drive, Suite 200
3 | San Mateo, CA 94404
Tel: 650-627-9500
4 | Fax: 888-808-5001
Email: jsk@knopflaw.com
5 |

6 | SETH LEHRMAN [CSBN 178303]
LEHRMAN & LEHRMAN, PA
7 | 1801 N. Pine Island Rd., Suite 103
8 | Plantation, Fl 33322
Tel.: 954-472-9990
9 | Fax: 954-727-9990
10 | Email: seth@lehrmanlaw.com

11 |
STEVEN F. GROVER [Pro Hac Vice]
12 | Fla. Bar No. 131296
One E. Broward Blvd., Suite 700
13 | Fort Lauderdale, Fl 33301
14 | Tel.: 954-356-0005
Fax: 954-356-0010
15 | Email: lawhelp@earthlink.net

16 |
Attorneys for Plaintiff and Proposed Class

17

18              **UNITED STATES DISTRICT COURT**

19              **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 20  SHARON D. YASIN, individually and on behalf of all similarly situated individuals, | Case No:   08-cv-1234 MMC |
| 21                  Plaintiff, | |
| 22  v. | **OMNIBUS STATEMENT ABOUT DEFENDANT'S** |
| 23  EQUIFAX INFORMATION SERVICES, LLC., | **MOTION TO STAY; and** |
| 24 | |
| 25                  Defendant. | **MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS** |
| 26 | |

27

28

- 1 –

Case No: 08-cv-1234 MMC

**INTRODUCTION**

Plaintiff Sharon D. Yasin, individually and on behalf of all similarly situated individuals (hereinafter referred to collectively as "Plaintiff"), brought this class action for herself and the proposed class under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* The FCRA regulates the activities of consumer reporting agencies (i.e., credit bureaus), users of credit reports, and furnishers of information to credit bureaus. The FCRA's purpose is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). Plaintiff contends that Defendant Equifax Information Services, LLC ("Equifax") has violated Sections 1681e(b) and 1681g of the FCRA by failing to accurately report the status of debts in consumer credit files. Equifax has moved to dismiss Plaintiff's requests for injunctive and declaratory relief under Rule 12(b)(6).

Equifax also moved to stay this matter pending resolution of its motion to transfer Obelia Villaflor v. Equifax Information Services, LLC, Central District of California Case Number 2:08-cv-01481 FMC (AGR), to this Court. Last week, this Honorable Court stayed discovery until said motion to transfer is resolved. Plaintiff and Defendant have agreed to the transfer of the Central District case, on the condition that any and all depositions of the plaintiff in that matter, Obelia Villaflor, take place in the Central District. Hence, the motion to stay is moot. The following argument is made in opposition to Equifax's motion to dismiss:

**LAW AND ARGUMENT**

**STANDARD FOR RULE 12(B)(6) MOTIONS TO DISMISS**

The Court should not grant a motion to dismiss unless it appears beyond doubt that she can prove no set of facts in support of her claim that would entitle her to relief. See Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). "Motions to dismiss are viewed with disfavor and are rarely granted." Lin v. Universal Card Servs. Corp., 238 F. Supp.2d 1147, 1150 (N.D. Cal. 2002) (citing Hall v. City of Santa Barbara, 833 F.2d 1270, 1274 (9th Cir. 1986)). In resolving a Rule 12(b)(6) motion, the Court must construe the Complaint in

the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court also must accept as true all reasonable inferences to be drawn from the material allegations of the Complaint. <u>Pareto v.F.D.I.C.</u>, 139 F.3d 696, 699 (9th Cir. 1998). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. See <u>U.S. v. Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981).

**EQUIFAX'S MOTION TO DISMISS MUST BE DENIED BECAUSE CONGRESS DID NOT MAKE THE "CLEAREST COMMAND" IN THE FCRA THAT FEDERAL DISTRICT COURTS ARE DENIED THEIR TRADITIONAL POWER TO ENJOIN.**

**A.     FEDERAL DISTRICT COURTS' TRADITIONAL EQUITABLE POWERS**

The issue presented by Equifax's motion is not, as *Equifax* has framed it, whether a private litigant is authorized to seek and obtain injunctive relief under the FCRA. The issue is truly whether a *federal district court loses its common law right* to grant equitable relief where a statute–here the FCRA–is silent about that right.

The equitable power to enjoin must be safeguarded because it is an age-old right entrusted to federal courts under the common law. "The great principles of equity, securing complete justice, should not be yielded to light inferences, or doubtful construction." <u>Brown v. Swann</u>, 35 US (10 Pet.) 497, 503 (9 L. Ed. 508). "We don't construe statutes in derogation of the common law, absent a clear legislative statement to the contrary....This rule of construction carries particular force when it comes to issuing injunctions." <u>Miller v. Cal. Pac. Med. Relations Bd.</u>, 9991 F.2d 536, 541 (9th Cir. 1993) (internal citations omitted). This standing principle is based on "several hundred years of [American] history, a practice of which Congress is assuredly well aware." <u>Weinberger v. Romero-Barcelo</u>, 456 U.S. 305, 313, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982).

**B.     THE <u>YAMASAKI</u> STANDARD**

In its Motion to Dismiss, Equifax argues that Plaintiff's claim for injunctive relief should be dismissed because the FCRA does not allow for injunctive relief in a private action. Although

1  it is true that the FCRA does not *explicitly* provide for injunctive relief in a private action, that
2  does not mean that injunctive relief is not available under the FCRA, or under the Court's
3  traditional, inherent power to grant equitable relief. In Califano v. Yamasaki, 442 U.S. 682, 99
4  S.Ct. 2545, 61 L.Ed.2d 176 (1979), the Supreme Court, in a *unanimous* decision, made clear that
5  although Congress may limit district courts' inherent power to issue equitable relief with respect
6  to a particular statute, such limits are *not* assumed. To quote the Supreme Court: "*Absent the*
7  *clearest command to the contrary from Congress, federal courts retain their equitable power to*
8  *issue injunctions in suits over which they have jurisdiction.*" Id. at 705, 99 S.Ct. at 2559 (citing
9  Porter v. Warner Holding Co., 328 U.S. 395, 398 (1946) (emphasis added); Scripps-Howard
10 Radio v. FCC, 316 U.S. 4, 9-11 (1942)). There is no doubt that federal courts have federal
11 question jurisdiction over FCRA suits. Hence, under Yamasaki, federal district courts are
12 *presumed* to be able enjoin conduct that violates a statute, and that presumption cannot be
13 overturned without "the clearest command to the contrary from Congress."
14       Neither the language nor the legislative history of the FCRA evinces the "clearest
15 command" by Congress to preclude injunctive relief in private actions under the Act. Indeed, as
16 set forth below, the *opposite* is true. Therefore, under the Supreme Court's standard in Yamasaki,
17 Equifax's motion must be denied.
18       Equifax does not even mention Yamasaki in its Motion to Dismiss. Although Yamasaki
19 was not a FCRA case, it is the highest authority on point.
20 **C.    FEDERAL COURTS OF APPEAL**
21       Two out of three federal courts of appeal to address the issue at bar have sided with
22 Plaintiff's position.
23       The Ninth Circuit confirmed the availability of FCRA injunctive relief to a private party
24 in Greenway v. Info. Dynamics, Ltd., 399 F. Supp. 1092 (D. Ariz. 1974), aff'd per curiam, 524
25 F.2d 1145 (9th Cir. 1975). The Ninth Circuit affirmed the district court's certification of a
26 consumer class action under the FCRA on a claim for injunctive relief, and granting of preliminary
27 injunctive relief. Although the availability of injunctive relief was not at direct issue on appeal in
28 Greenway, the Ninth Circuit expressly stated that it "adopt[s] the careful reasoning of [the

1   district court]." Id. at 1146.  The Ninth Circuit also therefore adopted the district court's finding
2   that "[d]efendant is acting, and unless restrained will continue to act, in violation of the FCRA."
3   Hence, there can be no doubt that the Ninth Circuit approved the availability of injunctive relief
4   to a private litigant under the FCRA.

5   The Seventh Circuit suggested that FCRA plaintiffs can seek injunctive relief. Crabill v.
6   Trans Union, L.L.C., 259 F.3d 662, 664 (7th Cir. 2001) (stating in dictum that although the
7   FCRA consumer plaintiff was not eligible to recover actual damages under the FCRA, "[i]t does
8   not follow that [he] cannot obtain any other remedy, such as an injunction").

9   Later, the Seventh Circuit again implied that a private plaintiff may obtain an injunction
10  under the FCRA. Murray v. GMAC Mortg. Corp., 434 F.3d 948, 956 (7th Cir. 2005).

11  Only one court of appeal has ruled otherwise: Washington v. CSC Credit Servs., Inc., 199
12  F.3d 269 (5th Cir. 2000).  However, in Washington the Fifth Circuit reached the wrong decision
13  by failing to properly apply the rule in Yamasaki, that federal district courts are *presumed* to be
14  able enjoin conduct that violates a statute, and that the presumption cannot be overturned
15  without "the clearest command to the contrary from Congress."

16  It is anticipated that Equifax will argue that the Ninth Circuit and Seventh Circuit opinions
17  are not binding and/or dicta.  However, they are at least persuasive authorities.  Even the Fifth
18  Circuit in Washington acknowledged Greenway.

19  **D.   FEDERAL DISTRICT COURTS IN THE NINTH CIRCUIT**

20  Equifax's comment that "[c]ourts in this Circuit have consistently held that there is no
21  injunctive relief under the FCRA in situations like those presented in this case" is also inaccurate,
22  because of the following district court rulings within the Ninth Circuit: Natale v. TRW, Inc.,
23  1999 U.S. Dist. LEXIS 3882 (N.D. Cal. 1999); Andrews v. Trans Union Corp., 7 F. Supp. 2d
24  1056 (C.D. Cal. 1998), rev'd on other grounds sub nom. Andrews v. TRW, Inc., 225 F.3d 1063
25  (9th Cir. 2000), rev'd because of statute of limitations, 534 U.S. 19, 122 S.Ct. 441, 151 L.Ed.2d
26  339 (2001); and Wenger v. Trans Union Corp., 1995 U.S. Dist. LEXIS 22214 (C.D. Cal. Nov. 14,
27  1995).
28

1   In <u>Andrews v. Trans Union Corp.</u>, supra, the court applied the <u>Yamasaki</u> standard, and
2   held that "[t]he FCRA contains no 'clear command' that injunctive relief is unavailable;
3   consequently, it is available....[the] FCRA does allow injunctive relief on the plaintiff's own
4   behalf." <u>Id.</u> at 1084. The court also reasoned that the court's equitable powers were justified to
5   further congressional goals in the FCRA of protecting consumers from the transmission of
6   inaccurate information, and of establishing credit reporting practices that use accurate information.
7   <u>Id.</u> The court then issued an injunction requiring Trans Union to remove an inaccurate credit item
8   from the plaintiff's file–in precisely the type of order that fulfills the FCRA's goals in a way that
9   a damages award might not.

10  In <u>Wenger</u>, supra, the court relied on <u>Yamasaki</u>, noted that the FCRA does not expressly
11  disallow injunctive relief for private litigants, stated that the Ninth Circuit' decision in <u>Greenway</u>
12  supports a grant of injunctive relief, declined to follow the ruling in <u>Mangio v. Equifax Inc.</u>, 886 F.
13  Supp. 283, 285 (S.D. Fla. 19995), and found that that court's comparison to the FDCPA was
14  unpersuasive because "there are other federal statutory schemes where injunctive relief is allowed
15  even though the language of the statute does not specifically allow for injunctive relief."

16  **E.    OTHER FEDERAL DISTRICT COURTS**

17  The district courts that have *followed* <u>Yamasaki</u>'s dictates uniformly support the
18  availability of injunctive relief for private litigants under the FCRA because of federal courts'
19  inherent equitable powers. For example, in the recent case of <u>Harris v. Equifax Info. Servs., LLC</u>,
20  2007 U.S. Dist. LEXIS 46828 (D. S. Car. 2007), the court stated: "On the issue of the
21  availability of injunctive relief, the Court concludes that although it is aware of contrary
22  authority, none of it is binding on this Court, and that such authority is inconsistent
23  with...<u>Yamasaki</u>...Accordingly, the Court concludes it has not been divested of its authority to
24  issue injunctive relief in this [FCRA] case." <u>See also</u> <u>Murray v. E*Trade Fin'l Corp.</u>, 2006 U.S.
25  Dist. LEXIS 53945, *12 (N.D. Ill. 2006) (denying without prejudice defendant's motion to
26  preclude injunctive relief because of <u>Yamasaki</u> standard); <u>Natale v. TRW, Inc.</u>, 1999 U.S. Dist.
27  LEXIS 3882 (N.D. Cal. 1999) (equitable relief is available under FCRA).
28  ///

### F. CO-EXISTENCE OF CONSUMERS AND THE FTC

The courts that have held to the contrary either have failed to invoke <u>Yamasaki</u> at all or have failed to apply its standard properly, and therefore are somewhat lacking in precedential value. The courts that "rationalize" that private litigants cannot be allowed injunctive relief under the FCRA because doing so would undermine the FTC's discretion to seek equitable relief, fail to address why consumer rights and FTC rights on behalf of consumers cannot amicably coexist. There is no reason to believe that the FTC would be thwarted in its attempts to compel credit bureaus to comply with the FCRA if courts retained their inherent powers to issue injunctions in appropriate private actions under the FCRA. Instead, the goal of the FCRA to "assure maximum possible accuracy" of consumer reports, 15 U.S.C. § 1681e, is furthered by allowing courts to order credit bureaus to delete or modify inaccurate credit information from their files and to cease issuing inaccurate reports. Injunctive relief is particularly important under the FCRA because many FCRA violations cause injuries to privacy or reputation that a damage award cannot undo. The injunctive relief orders that have been granted repeatedly by federal courts in FCRA cases, in which the FTC was not the plaintiff, have not hindered the FTC's enforcement powers in any way. After all, the FTC is also protecting the interests of consumers.

### G. JUDICIAL EFFICIENCY

Judicial efficiency is also served by honoring federal courts' inherent power to issue injunctions in private actions under the FCRA: If injunctive relief is unavailable to private litigants, a consumer may be forced to file repeated actual or statutory damages actions. In addition, injunctions provide relief to consumers who have not yet actually suffered an injury from a denial of credit or other actual damages by reason of an inaccurate report, but who still have incorrect credit information associated with their names. Injunctive relief enables these consumers to prevent actual damages from occurring, rather than having to suffer the consequences and only then seek relief. See <u>Wenger v. Trans Union Corp.</u>, 1995 U.S. Dist. LEXIS 22214, *1 (C.D. Cal. Nov. 14, 1995) (FCRA case in which court observed that "injunctive relief may be a logical remedy when a [private] plaintiff alleges that the injury caused by the defendant is continuing. Otherwise, a plaintiff would have to repeatedly file actions for actual

1  damages to obtain relief."). To interpret the FCRA to limit the district court's jurisdiction over
2  private injunctive actions would greatly diminish the purpose of consumer protection–the
3  cornerstone of the Act. It would also fly in the face of jurisprudence that the FCRA is to be
4  construed liberally. See, e.g., Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329 (9th Cir.
5  1995). Injunctions can play a particularly pivotal role in FCRA class actions, in which
6  injunctions may be necessary to protect the interests of absent class members. See Yamasaki,
7  442 U.S. at 705.

## H.  LEGISLATIVE HISTORY

The legislative history of the FCRA also supports Plaintiff's position, showing that Congress intended the remedies of consumers and the FTC to be *complementary*, and that consumers should have recourse in court for potential violations of the Act. See H.R. 15073, 91st Cong., 2nd Sess., 116 Cong. Rec. 35937 (1970), at 35940–41. Although the FCRA provides the FTC with the power to enforce the Act, it does *not* state that that power is *exclusive*. 15 U.S.C. § 1681(s). In contrast, a recent amendment to the FCRA provides the FTC with explicit, exclusive enforcement power over *another* section of the Act, involving furnisher liability under 15 U.S.C. § 1681s-2(b)(2)(d), but *not* over the sections at issue in the case at bar. That provision states in relevant part that certain "provisions [concerning furnisher liability under § 1681s-2] shall be enforced exclusively as provided under section 1681s by the Federal agencies and officials and the State officials identified in section 1681s." Had Congress intended to bar private litigants from seeking injunctive or declaratory relief under the FCRA, it certainly knew what type of language to use in the subsection dealing with remedies. But it did not.

## I.  CONTRADICTION

There is more than some irony to Equifax's argument that the FCRA does not allow for injunctive relief in a private action: Injunctive relief is the centerpiece of a recent major settlement agreement to which Equifax and other credit bureaus have stipulated, in a FCRA class action in the Central District of California. In Terri N. White, et al v. Experian Information Solutions, Inc., et al, Case Number 05-cv-1070 DOC, Equifax and other credit bureaus stipulated to injunctive relief. DE 289, at 6 ("**NOW THEREFORE, IT IS AGREED**, by and among the Parties, to settle

all claims by Plaintiffs for injunctive relief and declaratory relief in the Litigation on the terms set forth below, subject to the approval of the Court...."). Judge Carter will review the settlement agreement in August 2008. Equifax should be estopped from claiming, in the case at bar, that injunctive and declaratory relief are not available to private litigants in an FCRA case, when it is simultaneously seeking court approval of a settlement--a consent decree--of precisely such a remedy in a FCRA class action.

**J.   DECLARATORY RELIEF**

With respect to Plaintiff's claim for declaratory relief, the above arguments are even stronger because no concern about potential interference with the FTC's discretionary enforcement powers are presented with a declaratory judgment. Plaintiff has a legal right to seek declaratory relief under the FCRA. <u>Marlbrough v. State Farm Fire & Cas. Co.</u>, 1996 WL 517702 (E.D. La. 1996) (holding it had jurisdiction to hear a suit for relief under the Declaratory Judgment Act in a case alleging that defendant had violated the FCRA by obtaining plaintiffs' consumer reports in connection with the investigation of their insurance claims).

**CONCLUSION**

Because Congress has not clearly and unambiguously eliminated Federal district courts' historic, traditional power to grant equitable relief, in FCRA actions, Equifax's motion to dismiss must be denied. Plaintiff also has the legal right to seek declaratory relief under the FCRA.

Dated: June 23, 2008                    **STEVEN F. GROVER, P.A.**

                                        By    /s/
                                        **STEVEN F. GROVER, ESQ.**
                                        **Attorneys for Plaintiff**