THOMAS P. QUINN, JR.  (SBN: 132268)
NOKES & QUINN
450 OCEAN AVENUE
LAGUNA BEACH, CA 92651
Tel: (949) 376-3055
Fax:  (949) 376-3070
Email: tquinn@nokesquinn.com

JOHN ANTHONY LOVE [Pro Hac Vice]
GA Bar No: 459155
STEPHANIE COPE, [Pro Hac Vice]
GA Bar No:  214378
KING & SPALDING
1180 PEACHTREE STREET, N.E.
ATLANTA, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
Email: TLove@KSLAW.com
Email: scope@KSLAW.com

Attorneys for Defendant EQUIFAX
INFORMATION SERVICES LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON D. YASIN, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>Defendant. | Case No:   3:08-CV-01234 MMC<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>**Date:  July 18, 2008**<br>**Time: 9:00 a.m.**<br>**Place: Courtroom 7, 19th Floor**<br>**Hon.   Judge Maxine M. Chesney** |

5066469

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

-1-
DEFENDANT EQUIFAX'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO.: 3:08-CV-01234 MMC

## I. REPLY

Plaintiff's opposition merely recites the same arguments that were considered and rejected by the United States Court of Appeals for the Fifth Circuit in *Washington v. CSC Credit Services, Inc.*, 199 F.3d 269 (5th Cir. 2000) - the case that confirmed the majority view on the issue of injunctive relief under the Fair Credit Reporting Act ("FCRA"). The overwhelming majority of district courts that have considered the issue - including courts in this District - have followed *Washington* and held that injunctive relief is not available to a private litigant. This Court should apply the majority view in the present case and grant Equifax's motion to dismiss.

## II. THE *WASHINGTON*/MAJORITY STANDARD CONTROLS THIS ISSUE

### A. Congress Did Not Intend to Provide Private Injunctive Relief Under the FCRA

Plaintiff's reliance on *Califano v. Yamasaki*, 442 U.S. 682 (1979), is misplaced. *Califano* - a case decided over 20 years before *Washington* - did not involve the FCRA at all. Instead, it dealt with a claim that certain Social Security recipients had been overpaid by the government. *Califano* at 684. *Califano* held that before the government could recoup the overpayments, it had to afford these individuals an opportunity to be heard. *Id*. at 694-695. The very last paragraph of the *Califano* decision addressed injunctive relief and explained that "[i]njunctions can play an essential role in section 205(g) litigation" and that "nothing in either the language or the legislative history of section 205(g) indicates that Congress intended to preclude injunctive relief in section 205(g) suits." *Id*. at 706. It is clear from this passage from *Califano* that the Court's focus was very narrow and only interpreted the availability of injunctive relief in section 205(g) suits - not the FCRA.

The Fifth Circuit, however, did consider precisely this issue in *Washington*. In rejecting the very same *Califano* argument presented by Plaintiff in this case, the *Washington* court held that:

> [T]he affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely within the FTC.

*Id.* at 268.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

5066469

-2-
DEFENDANT EQUIFAX'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO.: 3:08-CV-01234 MMC

There is no evidence in *Califano* that the statute at issue in that case granted injunctive relief powers to any regulatory agency in any section other than 205(g).  Therefore, *Califano* did not involve a situation like that presented by the FCRA where an express grant of injunctive relief is provided in one section and not another.  As the *Washington* court noted, had Congress intended to provide private litigants with the right to obtain injunctive relief, it easily could have done so as it had in other sections of the Act.  The clearest interpretation of Congress's intent is that injunctive power under the FCRA rests solely with the FTC.

**B.  The Cases Establishing the Minority View are Not Well Reasoned**

In her efforts to avoid the application of the *Washington*/majority view in this case, Plaintiff cites a number of cases reflecting the minority view.  None of these cases are persuasive.  In *Greenway v. Information Dynamics, Ltd.*, 399 F.Supp. 1092 (D.C.Ariz. 1974) - a case decided 34 years ago - there was no discussion of the authority or appropriateness of permitting injunctive relief under the FCRA.  *Id.* at 1096-1097.  In fact, there was no indication that the issue was even raised at the trial court level or that the defendant objected to the request for injunctive relief.  *Id*. at 1094.  The *Washington* court considered *Greenway* when issuing its decision, but rejected it. *See Washington* at 268.  In *Howard v. Blue Ridge Bank*, 371 F.Supp.2d 1139, 1145 (2005), this Court also rejected the same argument put forth in *Greenway*.  Since this 34 year-old decision lacked any measured analysis of the issue and, instead, simply moved forward in the absence of any objection by the defendant, it should not be viewed as controlling authority in the present case.  *Washington* and *Howard* are controlling.

Plaintiff next cites two Seventh Circuit cases - *Crabill v. Trans Union LLC*, 259 F.3d 662 (2001) and *Murray v. GMAC Mortgage Corporation*, 434 F.3d 948 (7th Cir. 2005).  *Crabill* is not persuasive.  The plaintiff in *Crabill* did not even seek injunctive relief.  *Id.* at 663.  The *Crabill* court did not analyze the issue of the availability of injunctive relief in any measured, comprehensive manner and, instead, merely mentioned the issue in dicta.  *Id*. at 664.  Plaintiff argues that *Murray* "implies" that injunctive relief might be available under the FCRA.  *Id.* at

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

5066469                          -3-
DEFENDANT EQUIFAX'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO.: 3:08-CV-01234 MMC

1  956.  This is simply wrong.  The *Murray* court did not discuss the authority or appropriateness of
2  injunctive relief under the FCRA and Plaintiff's tortured interpretation of the dicta on the last
3  page of the *Murray* decision does not control the issue here.

4  Finally, Plaintiff cites *Andrews v. Trans Union Corp.*, 7 F.Supp.2d 1056 (C.D. Cal. 1998),
5  where the plaintiff asserted claims under both the California version of the FCRA and the federal
6  Act.  *Id*. at 1061.  In the present case, there are no state law claims.  Further, even the *Andrews*
7  court held that the plaintiff could not act as a "private attorney general" and seek broad injunctive
8  relief for anyone other than herself.  *Id.* at 1084.  In *Natale v. TRW, Inc.*, No. 05-8035, 1999 WL
9  179678 (N.D. Cal. Jan. 17, 1999), the court barely mentioned the issue at all in the last sentence
10 of its decision and certainly did not engage in any measured analysis.  Further, *Howard* was
11 decided after *Natale*.  Plaintiff's reliance on *Wenger v. Trans Union Corp.*¸ No. CV 95-6445 ER,
12 1995 U.S. Dist. LEXIS 22214 (C.D. Cal. Nov. 14, 1995) and *Harris v. Equifax Information*
13 *Services LLC*, No. 6:06-cv-01810-GRA, 2007 U.S. Dist. LEXIS 46828 (D.S.C. June 26, 2007) is
14 misplaced as both are unpublished decisions that pre-date *Washington* and *Howard* and are not
15 controlling here.

16 Plaintiff's opposition is silent on the cases from other courts that have followed the
17 majority view set forth in *Washington*, including *Howard* which Plaintiff completely ignores.

18 **III.  PLAINTIFF'S OTHER ARGUMENTS ARE EQUALLY UNPERSUASIVE**

19 **A.  The Grant of Injunctive Relief to the FTC Regarding Furnishers is Irrelevant**

20 Plaintiff suggests that Congress's grant of injunctive relief powers to the FTC regarding
21 furnishers implies that Congress left open the possibility of injunctive relief to private litigants.
22 In fact, under the *Washington* and *Howard* analysis, the opposite is true.  Congress clearly knew
23 how to extend injunctive relief to private litigants had it elected to do so.  Since it did not, no such
24 relief is available.

25 **B.  The *White* Settlement is Irrelevant**

26 Plaintiff suggests that since Equifax has tentatively agreed to a partial class settlement in
27 the *White* case that includes injunctive relief, that it should be estopped from arguing that the
28 FCRA does not provide such relief.  Plaintiff does not cite a single case or statute in support of

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

5066469

-4-
DEFENDANT EQUIFAX'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO.: 3:08-CV-01234 MMC

1  this untenable position.  In fact, Equifax, like any other party to litigation, may agree to terms that
2  are not required by the FCRA or any other laws as part of a settlement.  This promotes the public
3  policy encouraging settlements.  If a party like Equifax were faced with the risk that settling a
4  case for injunctive relief not otherwise provided by the FCRA would effectively alter the
5  provisions of the FCRA, then the public policy in favor of settlement would be turned on its head.

### IV.  CONCLUSION

For the reasons set forth above, Equifax requests that its motion be granted and any claims for injunctive or declaratory relief, including those contained in paragraphs 24 through 26 of Plaintiff's Amended Complaint, be dismissed with prejudice.

Dated this 30th day of June, 2008.

KING & SPALDING


/S/STEPHANIE D. COPE
STEPHANIE D. COPE
Attorney for Defendant Equifax Information
Services LLC

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

## CERTIFICATE OF SERVICE

YASIN v DEFENDANT EQUIFAX, et al, CASE NO: CV 08 1234 MMC

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Fulton, State of Georgia, and not a party to the above-entitled cause.

On June 30, 2008, I served a true copy of the

## REPLY IN SUPPORT OF MOTION TO DISMISS

[ ]     By personally delivering it to the persons(s) indicated below in the manner as provided in FRCivP5(B);

[ ]     By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following;

[X]     By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

> James S. Knopf
> Law Offices of James S. Knopf
> 1840 Gateway Drive, Suite 200
> San Mateo, California 94404
>
> Seth Lehrman
> Lehrman& Lehrman, PA
> 1801 North Pine Island Rd., Suite 103
> Plantation, Florida 33322
>
> Steven F. Grover, P.A.
> Steven F. Grover
> 1 East Broward Blvd., Suite 700
> Fort Lauderdale, Florida 33301

I declare under penalty of perjury that the above is true and correct (and that I am employed in or by the office of a member of the bar of this Court at whose direction the service was made).

Executed on June 30, 2008 at Atlanta, Georgia.

> /S/ STEPHANIE M. PELTIER
> STEPHANIE M. PELTIER

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

5066469                                   -6-
DEFENDANT EQUIFAX'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO.: 3:08-CV-01234 MMC