IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON D. YASIN,<br><br>    Plaintiff,<br><br>  v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>    Defendant | No. C-08-1234 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING** |

Before the Court is defendant Equifax Information Services, LLC's Motion to Dismiss, filed May 12, 2008. Plaintiff Sharon D. Yasin has filed opposition, to which defendant has replied. Having read and considered the papers submitted in support of and in opposition to the motion, the Court rules as follows.[1]

In her complaint, plaintiff alleges defendant, a consumer reporting agency, violated 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681g(a) of the Fair Credit Reporting Act ("FCRA"). Plaintiff's claims are based on the allegation that defendant included information on plaintiff's credit report that gives a "false impression" about the resolution of plaintiff's account with Cardholder Management Services. (See Compl. ¶¶ 7, 8, 31, 36.) In particular, plaintiff alleges, the report has a "field" titled "activity description," in which defendant describes the account as "paid and closed," and another field titled "current

---

[1] By order filed July 15, 2008, the Court took the matter under submission.

status," in which defendant describes the account as "charge-off." (See Compl. ¶ 8.) Plaintiff alleges such language gives the false impression that "the account has not actually been paid, but is still a charge-off." (See id.) Plaintiff further alleges that "other credit reporting agencies will report similar accounts as 'Paid after charge off or collection'"; had defendant employed such language on plaintiff's credit report, such language would have, according to plaintiff, provided an "accurate description" of her account with Cardholder Management Services. (See Compl. ¶¶ 8, 12.) Plaintiff, who seeks relief on behalf of a putative class,[2] alleges defendant's FCRA violations have impaired her ability to build "credit worthiness and to obtain credit on more favorable terms." (See Compl. ¶ 16.)

By the instant motion, defendant seeks dismissal of plaintiff's claims to the extent plaintiff seeks injunctive and/or declaratory relief as a remedy for the alleged violations of FCRA, arguing FCRA does not provide for equitable relief in actions brought by a private party against a consumer reporting agency.[3]

"Absent the clearest command to the contrary from Congress, federal courts retain their equitable powers to issue injunctions in suits over which they have jurisdiction." Califano v. Yamasaki, 442 U.S. 682, 705 (1979). Thus, "[u]nless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied." Porter v. Warner Holding Co., 328 U.S. 395, 398 (1946).

With respect to violations of §§ 1681e(b) and 1681g(a), FCRA provides the "consumer" a private cause of action, and sets forth the remedies therefor. Specifically, where a person willfully fails to comply with §§ 1681e(b) and/or 1681g(a), such person is

//

---

[2] The class is defined as persons "for whom [d]efendant reported in the 'current status' field that the account is a 'charge-off' or 'collection' when the account was already paid or closed." (See Compl. ¶¶ 18, 19.)

[3] Defendant does not seek dismissal of plaintiff's claims to the extent plaintiff seeks damages, costs, and attorney's fees. As noted below, such remedies are expressly provided to a consumer under FCRA.

2

liable to the consumer "in an amount equal to the sum of –

> (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
>
> (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
>
> (2) such amount of punitive damages as the court may allow; and
>
> (3) in the case of any successful action to enforce any liability under this section [§ 1681n], the costs of the action together with reasonable attorney's fees as determine by the court."

See 15 U.S.C. § 1681n(a).  Where a person negligently fails to comply with §§ 1681e(b) and/or 1681g(a), such person is liable to the consumer "in an amount equal to the sum of --

> (1) any actual damages sustained by the consumer as a result of the failure; and
>
> (2) in the case of any successful action to enforce any liability under this section [§ 1681o], the costs of the action together with reasonable attorney's fees as determined by the court."

See 15 U.S.C. § 1681o(a).  Neither § 1681n nor § 1681o makes reference to injunctive relief as a remedy in an action brought by a consumer.

By contrast, with respect to the same violations of FCRA, Congress has expressly provided that certain federal agencies, as well as state prosecutorial offices and designated agencies, have the power to seek injunctive relief.  See, e.g., 15 U.S.C. § 1681s(a)(1) (providing violations "shall be subject to enforcement by the Federal Trade Commission under section 5(b) [of Federal Trade Commission Act"));[4] 15 U.S.C. § 1681s(c)(1)(A) (providing "chief law enforcement officer of a State, or an official or agency designated by a State . . . may bring an action to enjoin such violation").  Likewise, in the section of FCRA pertaining to improper disclosure of credit information by the government, Congress, in providing for a private cause of action by the "consumer" against

---

[4] Section 5(b) of the Federal Trade Commission Act provides that the Federal Trade Commission has authority to conduct administrative proceedings to determine whether a party should be ordered to "cease and desist from the violation of the law so charged in [an administrative] complaint."  See 15 U.S.C. § 45(b).

1  the government, has expressly identified "injunctive relief" as a remedy "in addition to," see
2  15 U.S.C. § 1681u(m), "an amount equal to the sum of (1) $100 . . . ; (2) any actual
3  damages sustained by the consumer as a result of the disclosure; (3) . . . such punitive
4  damages as a court may allow; and (4) in the case of a successful action . . ., the costs of
5  the action, together with reasonable attorney fees, as determined by the court," see 15
6  U.S.C. § 1681u(i).

As both parties acknowledge, courts have differed on whether Congress intended to preclude private parties from seeking equitable relief as a remedy for a violation of FCRA against a defendant other than the federal government.[5] Having reviewed the cited authorities, the Court finds persuasive the reasoning set forth in the cases cited by defendant, in particular Washington v. CSC Credit Services Inc., 199 F. 3d 263, 268-69 (5th Cir. 2000), Owner-Operator Independent Drive Ass'n v. USIS Commercial Services, Inc., 410 F. Supp. 2d 1005, 1007-09 (D. Colo. 2005), and Howard v. Blue Ridge Bank, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005). Indeed, the "overwhelming" majority of district courts, as well as the one circuit to have considered the issue, have found Congress did not intend that consumers obtain equitable relief when bringing an action under FCRA against a defendant other than the government. See Owner-Operator Independent Drive Ass'n, 410 F. Supp. 2d at 1007 (citing cases).

First, as noted, nothing in the text of FCRA provides that a consumer may seek equitable relief against a consumer reporting agency. See 15 U.S.C. §§ 1681n, 1681o. As the United States Supreme Court has observed, "when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." See National Railroad Passenger Corp. v. National Ass'n of

---

[5] Although the Ninth Circuit has not considered the issue presented herein, plaintiff cites to one case in which the Ninth Circuit affirmed a district court's order granting a preliminary injunction in a FCRA action brought by a consumer against a consumer reporting agency. See Greenway v. Information Dynamics, Ltd., 524 F. 2d 1145, 1146 (9th Cir. 1975). The question of whether injunctive relief is an available remedy under FCRA, however, was not addressed therein, either by the Ninth Circuit, see id., or by the district court in the underlying action, see 399 F. Supp. 1092 (D. Ariz. 1974). Rather, the issue presented was whether the particular defendant was covered by FCRA.

4

Railroad Passengers, 414 U.S. 453, 458 (1974) (noting "this principle of statutory construction reflects an ancient maxim – *expressio unius est exclusio alterius*"); see also Religious Technology Center v. Wollersheim, 796 F. 2d 1076, 1083 (9th Cir. 1986) (holding statute providing "damages and fees remedy for [private] plaintiffs . . . logically carries the negative implication that no other remedy was intended to be conferred on private plaintiffs) (emphasis in original). Although even such "basic" principles "must yield to clear contrary evidence of legislative intent," see National Railroad Passenger Corp., 414 U.S. at 458, no such legislative intent is evident in the language of FCRA.[6] Rather, the ordinary construction of §§ 1681n(a) and 1681o(a) is reinforced by the adoption of § 1681u, by which, as noted, Congress expressly provided consumers with the ability to seek – "in addition to" damages, costs, and attorney's fees – "injunctive relief." See 15 U.S.C. §§ 1681u(i), 1681u(m). As the district court in Howard explained, "the express inclusion of injunctive relief in certain provisions of the FCRA and its omission from the provisions creating plaintiff's cause of action [under §§ 1681n and 1681o] [is] a sufficiently clear command from Congress that injunctive relief is not available to plaintiff." See Howard, 371 F. Supp. 2d at 1145.

Further, in interpreting the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, an Act enacted for similar purposes of consumer protection and with remedial sections worded similarly to §§ 1681n(a), 1681o(a), and 1681s(a)(1), the majority of courts to have addressed the question have concluded Congress did not intend to provide equitable relief in private actions. See, e.g., Weiss v. Regal Collections, 385 F. 3d 337, 341 (3rd Cir. 2004) (citing cases). In particular, in the FDCPA, using language similar to that used in FCRA, Congress expressly provided that certain federal agencies have the power to seek injunctive relief to enforce its provisions, see, e.g., 15 U.S.C. § 1692l

---

[6] Neither the parties nor the cases on which the parties respectively rely have identified, nor has the Court located, any legislative history or other extrinsic evidence of congressional intent relevant to the issue presented.

1  (providing Federal Trade Commission has power "to enforce compliance,"[7] while identifying
2  only damages, costs, and attorney's fees as the remedies available to a private party
3  bringing suit thereunder. See 15 U.S.C. § 1692k(a) (providing for private cause of action;
4  setting forth available remedies as "the sum of – (1) any actual damage sustained . . .
5  (2) [statutory damages]; and (3) . . . the costs of the action, together with a reasonable
6  attorney's fee"). As the Third Circuit, in considering that statutory scheme, observed, "the
7  different penalty structure demonstrates Congress's intent to preclude equitable relief in
8  private actions." See Weiss, 385 F. 3d at 342.
9       Finally, the Court notes that in 2003, Congress amended § 1681o, the section of
10 FCRA in which Congress identifies the remedies available to a consumer who seeks relief
11 based on a negligent violation. See Pub. L. 108-159, Title VIII, § 811(e), 117 Stat. 2012.
12 Prior to 2003, the one circuit to have considered the issue presented herein had held
13 Congress did not intend to afford private parties equitable relief as a remedy for a violation
14 of FCRA by an entity other than the government, and such conclusion was based, in great
15 part, on the lack of any reference in §§ 1681n and 1681o to equitable relief. See
16 Washington, 199 F. 3d at 268-69. In amending § 1681o in 2003, Congress made no
17 change to the remedies identified therein; rather, Congress made one non-substantive
18 change.[8] Where Congress amends a statute without modifying a provision that has been
19 the subject of judicial interpretation, a reasonable inference can be drawn that "Congress
20 accepted the construction" placed on that statute by the courts. See National Labor
21 Relations Board v. Gullett Gin, 340 U.S. 361, 366 (1951).
22 //

---

[7] As with FCRA, the FDCPA provision addressing the power of the Federal Trade Commission incorporates the Federal Trade Commission Act, which, as noted, provides that the Federal Trade Commission has authority to conduct administrative proceedings to determine whether a party should be ordered to "cease and desist from the violation of the law so charged in [an administrative] complaint." See 15 U.S.C. § 45(b).

[8] Specifically, Congress added the word "and" at the end of § 1618o(a)(1), and characterized such addition as a "clerical amendment." See Pub. L. No. 108-159, § 811, 117 Stat. 2011-12.

In sum, the Court concludes that equitable relief is not available as a remedy in the instant case. Accordingly, the motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED to the extent plaintiff seeks injunctive and declaratory relief.

**IT IS SO ORDERED.**

Dated: July 16, 2008

MAXINE M. CHESNEY
United States District Judge